

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBERS 13-10-00016-CV and 13-10-00023-CV

**JUDGE CARLOS CASCOS, ET AL.,**                                    Appellants,

**v.**

**CAMERON COUNTY ATTORNEY,**                                    Appellee.

On appeal from the 444th District Court
of Cameron County, Texas.

## NUMBER 13-10-00059-CV

## IN RE: CAMERON COUNTY JUDGE CARLOS CASCOS, ET AL.

On Petition for Writ of Mandamus

# O P I N I O N

## Before Chief Justice Valdez and Justices Yañez and Vela
## Opinion by Chief Justice Valdez

By two interlocutory appeals, appellate cause numbers 13-10-00016-CV and 13-10-00023-CV, appellants, Cameron County Judge Carlos Cascos, Cameron County Commissioners Sofia Benavides, John Wood, David Garza, and Edna Tamayo, in their official capacities as Cameron County Commissioners Court, and Richard Burst, Bruce Hodge, and Dylbia Jeffries, in their official capacities as attorneys in the Cameron County Civil Legal Division, complain about trial court orders granting appellee, Cameron County Attorney Armando Villalobos, a temporary restraining order and a temporary injunction and denying appellants' plea to the jurisdiction. By one issue in each interlocutory appeal, appellants assert that the trial court abused its discretion in granting appellee a temporary restraining order and a temporary injunction.[1]

Moreover, in appellate cause number 13-10-00059-CV, appellants filed a petition for writ of mandamus and an accompanying emergency motion, arguing that the trial court's order affirming appellee's temporary injunction is void and that appellants are entitled to "supersede" or, in other words, suspend the enforcement of the temporary injunction during the pendency of this matter on appeal.

With regard to appellants' petition for writ of mandamus in appellate cause number 13-10-00059-CV, we conditionally grant the writ requested. Furthermore, we grant appellee's motion to dismiss appellate cause number 13-10-00016-CV. In appellate cause number 13-10-00023-CV, we dissolve the temporary injunction, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

---

[1] In appellate cause number 13-10-00023-CV, we have received an amicus curiae brief in support of appellants filed by the Texas Conference of Urban Counties, a non-profit organization that is purportedly composed of various member counties that comprise nearly 80% of the population of the State of Texas.

## I. BACKGROUND

On December 17, 2009, appellee filed his original petition for declaratory and injunctive relief, asserting that: (1) the Cameron County Commissioners Court improperly transferred the Cameron County Civil Legal Division out of appellee's office; (2) by advising and representing the Cameron County Commissioners Court, the Cameron County Civil Legal Division usurped appellee's constitutional and statutory duties; and (3) the Cameron County Commissioners Court does not have the authority to hire permanent legal counsel. On December 18, 2009, the trial court entered an ex parte order, purportedly issuing a temporary restraining order against appellants and setting the hearing on appellee's application for a temporary injunction for January 1, 2010. The temporary restraining order prevented the Civil Legal Division from advising and representing the Commissioners Court and was set to expire fourteen days from the trial court's December 18, 2009 order.

On December 29, 2009, appellee filed a motion to extend the temporary restraining order and to reset the hearing date on his temporary injunction request. On December 30, 2009, the trial court granted appellee's motion to extend the temporary restraining order and reset the hearing on appellee's request for a temporary injunction to January 15, 2010.

On January 7, 2010, appellants responded by filing a motion to dissolve, vacate, and rescind the trial court's December 18, 2009 ex parte order. In their motion, appellants argued, among other things, that appellee's petition did not comply with the requirements for ex parte relief; the relief sought is not supported by the law; appellee failed to cite any relevant constitutional or statutory provisions that the Cameron County Civil Legal Division usurped; and the ex parte order is legally insufficient and, therefore, void. Shortly thereafter, appellants filed a response and trial brief in opposition to appellee's petition for declaratory and injunctive relief, arguing that: (1) res judicata applied to this litigation,

3

especially in light of this Court's decision in *Cameron County v. Lone Star National Bank*, 107 S.W.3d 853 (Tex. App.–Corpus Christi 2003, no pet.); (2) appellee is a County Attorney and, therefore, does not have general civil jurisdiction over County matters; (3) declaratory relief is not available to appellee under the Uniform Declaratory Judgment Act (the "Act"); and (4) the Cameron County Commissioners Court has the power to manage the budget and organize County employees. Additionally, on January 8, 2010, appellants filed a plea to the jurisdiction, special exceptions, a cross-action for damages incurred for a wrongfully-obtained temporary restraining order, and an original answer.

On January 15, 2010, the trial court conducted a hearing on all pending motions. At this hearing, Cameron County Judge Carlos Cascos, Cameron County Clerk Joe G. Rivera, Chief Deputy for the Cameron County Sheriff's Office Gus Reyna Jr., and appellee testified. At the conclusion of the hearing, the trial court took the matter under advisement.

Subsequently, on January 19, 2010, the trial court granted appellee's motion to enjoin appellants and denied appellants' plea to the jurisdiction. In its January 19, 2010 order, the trial court made the following findings of fact and conclusions of law:

> 1. Plaintiff [appellee] has demonstrated a cause of action against Defendants [appellants]. Plaintiff seeks the Court's determination of the legal duties of the Cameron County Attorney with respect to the statutory requirement of Texas Government Code Section 41.007[,] which says:
>
> > A district or county attorney, on request, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official.
>
> The Court finds that the remedy of declaratory judgment is available to Plaintiff in this case. The Uniform Declaratory Judgment Act allows a court with jurisdiction to "declare rights, status, and other legal relations" between the parties whose relations are affected by a statute. Plaintiff asks the Court to consider the rights of the parties under the statute cited above. The district court has jurisdiction over such actions pursuant to Article V, Section 8 of the Texas Constitution and Texas Government Code Section

4

24.020, and therefore, Defendants' . . . plea to the jurisdiction is hereby DENIED;

2. It clearly appears from specific facts shown by Plaintiff's verified application and from the facts and arguments presented to this Court that immediate and irreparable injury, loss, or damage will result to Plaintiff because, unless the Cameron County Commissioners Court is enjoined from seeking advice and representation on questions of regular county business from permanent legal counsel outside the office of the County Attorney without the consent of the County Attorney, Defendants will continue to

1) usurp and unlawfully delegate the statutory duties of Plaintiff, described in Tex. Gov't Code § 41.007, without consent;

2) operate a permanent civil legal division without any express or implied authority to do so;

3) recklessly waste county taxpayer funds on duplicate services without reason and in a clear abuse of discretion they have on budgetary matters; and

4) upset the checks and balances built into our tri-partite [sic] system of government.

This injury will be irreparable unless this restraint is ordered because the statutory duties bestowed upon Plaintiff will be usurped from Plaintiff and will be performed by a non-elected unauthorized party in violation of a Texas statute. Additionally[,] the Court finds, based on the evidence and arguments presented, that taxpayer dollars used to fund the duplicative civil division will continue to be spent in a reckless abuse of the Commissioners Court's discretion. There was no reasonable or articulable need for the creation of the Civil Legal Division and lacking a need for the action, the Commissioners Court's implied powers to carry out express duties do not justify the broad action taken under the authority of Defendant's budgetary discretion.

3. The Court finds that Plaintiff is likely to prevail on the question of whether the Cameron County Attorney has the exclusive duty to provide advice and representation to county officials on regular county business, which includes advising [the] Commissioners Court on proposed actions, contracts, resolutions, and all other ordinary county business. The evidence presented by Plaintiff at the hearing on the temporary injunction persuades this Court that Plaintiff has a probable right to the relief sought to prevent the Commissioners Court from hiring a permanent legal staff to advise county officials, thus usurping the Plaintiff's duty to provide advice to county officials. The Court finds that [the] Commissioners Court cannot impinge on any elected official's statutory duty, exclusive or otherwise, based on the

5

evidence and arguments presented and Texas judicial precedent.

4. Plaintiff is likely to prevail on the merits on the issue of whether [the] Commissioners Court, in creating separate, permanent legal counsel, went beyond the scope of the constitutional or statutory authority vested in the officers of that court based on the arguments and facts presented at the hearing.

5. Unless this restraint is ordered immediately[,] Plaintiff will suffer irreparable injury, because no other legal remedy can be obtained to prevent the ongoing usurpation of statutory duties described herein.

6. Plaintiff has no other adequate remedy at law since decisions of [the] Commissioners Court are reviewable only through district court review.

7. Plaintiff has exercised due diligence in prosecuting the underlying claim in this cause. The Court finds, based on the evidence presented[,] including letters from Plaintiff's predecessor dated January 30, 1997[,] and other correspondence from Plaintiff dated February 14, 2007 (agenda request to Commissioners Court), February 16, 2007 (letter to Commissioners regarding restoration of Civil Legal positions and duties to Mr. Villalobos'[s] Officer), Commissioners Court audio recording from March 6, 2007, letter of August 20, 2009[,] addressing, among other things, the issue of restoration of [C]ivil [L]egal to the County Attorney, and Brownsville Herald articles from August 2009, that Plaintiff has diligently attempted to negotiate for the restoration of the statutory duty described above.

8. Plaintiff's injury will outweigh any injury to Defendants that may occur on issuance of this temporary injunction. The evidence presented suggests that the restoration of the Civil Legal positions and budget to the County Attorney's Office will benefit [the] Commissioners Court through (1) bringing [the] Commissioners Court actions into compliance with the statutory scheme devised by the Texas legislature for the checks and balances between the separate, co[-]equal branches of county government, namely [the] Commissioners Court and the County Attorney, (2) carrying out the will of the electorate, who chose Mr. Villalobos to execute all of the duties of the elected Cameron County Attorney, which [the] Commissioners Court usurps through hiring permanent outside counsel to advise commissioners and other county officials on issues relating to regular county business, (3) allowing [the] Commissioners Court to obtain the opinion of the officer entrusted with ensuring that public officials do not violate the laws of the State of Texas or their sworn duties to the citizens of Cameron County prior to making legal decisions impacting the county.

9. The temporary injunction will not dis[-]serve the public interest. In fact, the Court finds that the public in Cameron County has an interest in Mr. Villalobos carrying out his duties as County Attorney, duly elected by the

people of Cameron County.

10. The status quo is the last peaceable position between the two parties. All parties are in agreement that the advice provided by the attorneys under Mr. Luis Saenz's tenure as County Attorney met the standards of expertise and acumen required by the Commissioners Court. Therefore, prior to [the] Commissioners Court['s] action to remove the county civil division from the Office of the County Attorney to the employment and supervision of the Commissioners Court[,] the situation reflected harmony between the parties.

To illustrate this point, Plaintiff has presented evidence that the Commissioners Court relocated the County Attorney Civil Division entirely, keeping the staff and their duties, indicating that [the] Commissioners Court was happy with the advice they received, since they chose to continue receiving it after adjusting the location and the budget of the personnel. At that time[,] Mrs. Yolanda De León had already been elected as successor Cameron County Attorney. De León did not consent to this transfer, and as such, the last peaceable time was prior to December 17, 1996[,] when the positions and budget slots were removed from the supervision of the County Attorney, where they had resided for at least the last eighty-three years, and relocated under the [C]ommissioners [C]ourt. It is in the public interest to maintain the status quo as described above because it maintains the checks and balances built into the American system of government and gives full deference to the actions of the Texas legislature in drafting and enacting article 41.007 of the Government Code[,] which assigns the duty to advise county and precinct officials to the County Attorney . . . .

The trial court, therefore, restrained the Cameron County Commissioners Court from employing or utilizing a permanent legal division or any other permanent legal counsel for any purpose and ordered the transfer of all positions, personnel, and budgetary slots of the Cameron County Civil Legal Division to the Cameron County Attorney's Office under the direction of appellee. The order also set this matter for a docket control conference on January 26, 2010.

In appellate cause number 13-10-00016-CV, appellants timely filed a notice of accelerated interlocutory appeal addressing the trial court's December 18, 2009 and December 30, 2009 temporary restraining orders. *See* TEX. R. APP. P. 28.1. Furthermore, in appellate cause number 13-10-00023-CV, appellants timely filed a notice of accelerated

7

interlocutory appeal, complaining about the trial court's January 19, 2010 order granting appellee a temporary injunction and denying appellants' plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008); *see also* Tex. R. App. P. 28.1.

On January 22, 2010, appellants requested additional findings of fact and conclusions of law. The record does not reflect that the trial court issued any. Also on January 22, 2010, appellee filed a "Motion to Affirm the Effect of Temporary Injunction Pending Appeal," arguing that Texas case law and rules 24.2(a)(3) and (a)(5) of the Texas Rules of Appellate Procedure prevented appellants from superseding or suspending the enforcement of the trial court's temporary injunction during the pendency of this appeal. *See* Tex. R. App. P. 24.2(a)(3), (a)(5). After a hearing, appellee's January 22, 2010 motion was granted.[2] In its order granting appellee's January 22, 2010 motion, the trial court stated that:

> the Temporary Injunction signed in this cause on January 19, 2010, remains in full force and effect, and has not been stayed or superseded by the mere filing of a notice of appeal. FURTHER, this Court in the exercise of its discretion, ORDERS that the Temporary Injunction shall not be stayed or superseded during the pendency of the appeal from said Temporary Injunction.

On February 10, 2010, appellants filed a petition for writ of mandamus and an emergency motion, arguing that the trial court's order granting appellee's January 22, 2010 motion is void and that appellants are allowed to supersede the trial court's January 19, 2010 temporary injunction. In their emergency motion, appellants requested this Court to stay the trial court's temporary injunction order and its order granting appellee's "Motion to Affirm the Effect of Temporary Injunction Pending Appeal." Also on February 10, 2010, this Court granted appellants' emergency request for a stay of the trial court's temporary

---

[2] In their emergency motion, appellants assert that the trial court conducted a hearing on appellee's January 22, 2010 motion on February 4, 2010; however, the record does not contain a copy of the transcript from that hearing.

injunction order and its order granting appellee's motion to affirm.

## II. APPELLATE CAUSE NUMBER 13-10-00059-CV—THE MANDAMUS

By petition for writ of mandamus in appellate cause number 13-10-00059-CV, appellants contend that the trial court's order granting appellee's motion to affirm the effect of appellee's temporary injunction pending appeal, which had the effect of denying appellants the right to supersede the temporary injunction, is void because appellants, as representatives of a governmental unit, were entitled to supersede the trial court's temporary injunction order. Appellee asserts that appellants have an adequate remedy at law—an appeal based on rule 24.4(a) of the Texas Rules of Appellate Procedure—and that the trial court's order granting appellee's motion to affirm is not void because the trial court validly exercised its discretion under rule 24.2 of the Texas Rules of Appellate Procedure in denying appellants the ability to automatically supersede the judgment pending appeal. *See* TEX. R. APP. P. 24.2, 24.4(a).

## A.      Standard of Review

Mandamus is an extraordinary remedy, which is available only when a trial court has clearly abused its discretion and the relator lacks an adequate remedy on appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 839. Regarding the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the

9

relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996); *Walker*, 827 S.W.2d at 839-40. This burden is a heavy one. *See Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

Our review is much less deferential with respect to the trial court's determination of the legal principles supporting its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker*, 827 S.W.2d at 840. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *See id.*

The second element the relator must satisfy before mandamus relief will issue is that the relator lacks an adequate remedy at law. *See id.* at 840, 842. Generally speaking, an adequate legal remedy exists if the relator is able to raise the issue on appeal. *See id.* at 840 (providing that mandamus would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies"). However, in some extraordinary cases, whether a clear abuse of discretion can be adequately remedies by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136 ("An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments.").[3]

---

[3] According to the Texas Supreme Court,

[m]andamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

An adequate remedy at law does not exist if the rights sought to be protected would be irretrievably lost or the appellate court would not be able to cure the trial court's error. *In re Valero Energy Corp.*, 973 S.W.2d 453, 457 (Tex. App.–Houston [14th Dist.] 1998, orig. proceeding) (op. on reh'g); *see Walker*, 827 S.W.2d at 843; *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding) ("There is also no adequate remedy by appeal for allowing execution to issue before a final judgment has been entered."); *In re Tarrant County*, 16 S.W.3d 914, 918-19 (Tex. App.–Fort Worth 2000, orig. proceeding) (noting that if a litigant has the right to supersede an adverse judgment during the pendency of an appeal, then this right will be lost forever if execution is permitted prior to the entry of a final, appealable judgment).

Mandamus will lie to correct a void order, that is, an order the trial court had no power or jurisdiction to render. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). "It is not enough that the order of the court is erroneous; the order of the court must have been beyond the power of the court to enter." *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex. App.–Houston [1st Dist.] 1998, orig. proceeding). When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.–San Antonio 2004, orig. proceeding).

**B.    Applicable Law**

"A person may appeal from an interlocutory order of a district court . . . that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." TEX. CIV. PRAC. & REM. CODE ANN. §

---

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

11

51.014(a)(4). Rule 29.1 of the rules of appellate procedure provides that: "[p]erfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless . . . the appellant is entitled to super[s]ede the order without security by filing a notice of appeal." TEX. R. APP. P. 29.1(b); *see id.* at R. 25.1(g)(2) (providing that the enforcement of a judgment is not suspended by appeal unless appellant is entitled to supersede the judgment without security by filing a notice of appeal). A governmental entity, such as a County, is exempt from giving supersedeas[4] or a cost bond as security for court costs on appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(a), (b)(4) (Vernon 2002). This exemption also applies to governmental officials, including county commissioners, for actions taken in their official capacity. *See Enriquez v. Hooten*, 857 S.W.2d 153, 154 (Tex. App.–El Paso 1993, orig. proceeding) (citing *Parker v. White*, 815 S.W.2d 893, 895 (Tex. App.–Tyler 1991, orig. proceeding)).

In addition, "[a] governmental entity, such as a county, has the right to supersede the judgment of a trial court rendered against it by merely filing a notice of appeal." *In re Tarrant County*, 16 S.W.3d at 918 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(b)(4); TEX. R. APP. P. 25.1(g); *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (op. on reh'g) (stating that a county official's notice of appeal operates as a supersedeas bond)). "The right to supersede a judgment is one of absolute right and is not a matter within the trial court's discretion." *Id.* (citing *Houtchens v. Mercer*, 119 Tex. 431, 29 S.W.2d 1031, 1033 (1930) (orig. proceeding); *State ex rel. State Highway & Pub. Transp. Comm'n v. Schless*, 815 S.W.2d 373, 375 (Tex. App.–Austin 1991, orig. proceeding [leave denied])). Moreover, a County official's appeal, when perfected, automatically supersedes

---

[4] "Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken." *City of Fort Worth v. Johnson*, 71 S.W.3d 470, 472 (Tex. App.–Waco 2002, order) (citing *In re Tarrant County*, 16 S.W.3d 914, 918 (Tex. App.–Fort Worth 2000, orig. proceeding)).

the trial court's judgment, and that suspension remains in effect until all appellate rights are exhausted. *In re Long*, 984 S.W.2d at 625 (citing *Enriquez,* 857 S.W.2d at 154-55); *see Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 485 (Tex. 1964) (holding that the State had a valid statutory right to a supersedeas without filing a bond upon perfecting its appeals from a permanent injunction).

**C.     Discussion**

In arguing that the trial court's order granting his motion to affirm is not void and that the trial court had discretion to deny appellants the right to supersede, appellee relies heavily on rules 24.2(a)(3) and 24.2(a)(5) of the Texas Rules of Appellate Procedure and this Court's holding in *City of Robstown v. Westergren*, 774 S.W.2d 739 (Tex. App.–Corpus Christi 1989, orig. proceeding). Rules 24.2(a)(3) and 24.2(a)(5) provide as follows:

> **24.2   Amount of Bond, Deposit or Security**
>
> (a) *Type of Judgment*.
>
> . . . .
>
> > (3) Other Judgment. When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.
>
> . . . .
>
> > (5) For a Governmental Entity. When a judgment in favor of a governmental entity in its governmental capacity is one in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to

13

the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. The appellate court may review the trial court's determination and suspend enforcement of the judgment, with or without security, or refuse to suspend the judgment. If security is required, recovery is limited to the governmental entity's actual damages resulting from suspension of the judgment.

TEX. R. APP. P. 24.2(a)(3), (a)(5).

In *Westergren*, this Court stated the following, with respect to a governmental entity's right to suspend enforcement of a judgment:

This case . . . is subject to a statutory provision which unequivocally allows a home-rule city to appeal the judgment without giving supersedeas bond. However, we view as distinct the right of a municipality to appeal without giving a supersedeas bond, and the purported automatic right to supersede a judgment on appeal. *It does not follow that because the City does not have to file a supersedeas bond, that it is automatically entitled to supersede the judgment. This would destroy the discretion now given the trial court by Rule 47(f) [now rule 24.2(a)(3)] . . . to disallow supersedeas when the judgment does not involve money.* Here, relators would have been entitled to supersede the judgment without bond, if the trial court, in its discretion, had allowed the judgment to be superseded. The trial court did not allow supersedeas. Relator does not contend that the trial court abused a discretionary power but that the trial court did not have discretion to disallow supersedeas. Since we reject relator's contention, we hold that the Honorable Mike Westergren had the discretionary authority under Rule 47(f) to deny relator to supersede the injunction, and therefore, notice of appeal did not operate to automatically supersede the judgment.

*Westergren*, 774 S.W.2d at 740-41 (emphasis added). In arriving at this conclusion, this Court relied upon the decisions in *Klein Independent School District v. Fourteenth Court of Appeals*, 720 S.W.2d 87, 88 (Tex. 1986) (orig. proceeding) and *Hill v. Fourteenth Court of Appeals*, 695 S.W.2d 554, 555 (Tex. 1985) (orig. proceeding), whereby the supreme court upheld the trial court's discretion to allow a non-monetary judgment to be superseded under rule 364(f) of the rules of civil procedure (now rule 24.2(a)(3) of the rules of appellate procedure).

14

However, neither *Westergren* nor the supreme court cases relied upon in *Westergren* involved a party subject to section 6.001 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.001; *see also Klein Indep. Sch. Dist.*, 720 S.W.2d at 88; *Hill*, 695 S.W.2d at 555; *Westergren*, 774 S.W.2d at 740-41. In fact, *Westergren* involved a different statutory provision relating to home-rule municipalities. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002 (Vernon 2002). Furthermore, as the Waco Court of Appeals stated in *Johnson*, "[t]he discretion of the trial court [under Texas Rules of Appellate Procedure 24.2(a)(3) and (a)(5)] would not be destroyed as the Corpus Christi court [in *Westergren*] feared because it would remain intact for appealing parties other than those who are not required to file security to supersede a judgment." *City of Fort Worth v. Johnson*, 71 S.W.3d 470, 473 (Tex. App.–Waco 2002, order).

Moreover, as noted above, the Texas Supreme Court held in 1999, that a County official's appeal, when perfected, automatically supersedes the trial court's judgment, and that suspension remains in effect until all appellate rights are exhausted. *In re Long*, 984 S.W.2d at 625 (citing *Enriquez*, 857 S.W.2d at 154-55). The supreme court's holding in *In re Long* does not seem to comport with the holding in *Westergren* because the supreme court does not reference the trial court's purported discretion in denying supersedeas under Texas Rules of Appellate Procedure 24.2(a)(3) and (a)(5), even though those provisions were in effect at the time of the ruling. *See id.*; *see also* TEX. R. APP. P. 24.2(a)(3), (a)(5); *Westergren*, 774 S.W.2d at 740-41. Therefore, in light of *In re Long*, we question whether the portion of *Westergren* denying a governmental entity its absolute right to supersedeas is still good law. In addition, we believe that the *Johnson* court's analysis of the *Westergren* holding is persuasive and demonstrates that *Westergren* is inapposite in this matter, especially considering the supreme court's pronouncement in *In re Long*.

15

*See In re Long*, 984 S.W.2d at 625; *see also Johnson*, 71 S.W.3d at 473; *Westergren*, 774 S.W.2d at 740-41.

Therefore, because the case law is clear that a governmental entity, such as a County, has the absolute right to supersede a judgment of the trial court by merely filing a notice of appeal, and because this absolute right extends to governmental officials, we conclude that the trial court did not have discretion to deny supersedeas of the judgment against appellants. *See In re Long*, 984 S.W.2d at 625; *Archer*, 381 S.W.2d at 485; *see also In re Tarrant County*, 16 S.W.3d at 918; *Enriquez*, 857 S.W.2d at 154. And, even if we assumed that the trial court *did* have the discretion to deny appellants supersedeas, we would nonetheless conclude that the trial court abused its discretion in denying supersedeas because, as we conclude below, appellee was not entitled to the relief sought and, therefore, could not have sustained any damage warranting the denial of supersedeas and because all parties in this case are governmental entities. *See* Tex. R. App. P. 24.2(a)(3) (providing that "[t]he security must adequately protect the judgment creditor [appellee here] against loss or damage that the appeal might cause"), (a)(5) (stating that "the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to the judgment debtor [appellants here] if enforcement is not suspended, and the harm that is likely to result to others if enforcement is not suspended").

Therefore, given that appellants have an absolute right to supersedeas, we conclude that the trial court did not have any power to deny appellants supersedeas. Thus, the trial court's order granting appellee's January 22, 2010 motion, which essentially denied appellants the right to supersedeas, constituted a void order, and mandamus will lie to correct such an order. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Dickason*,

16

987 S.W.2d at 571; *see also In re Vlasak*, 141 S.W.3d at 235. Accordingly, we CONDITIONALLY GRANT the petition for writ of mandamus and hereby direct the trial court to grant appellants supersedeas during the pendency of this appeal. This writ will issue only if the trial court fails to comply. We LIFT the stay issued by this Court on February 10, 2010, and direct the trial court to proceed in accordance with this opinion.

### III. APPELLATE CAUSE NUMBER 13-10-00016-CV

In their first accelerated interlocutory appeal, appellants contend that the trial court abused its discretion by issuing an ex parte temporary restraining order on December 18, 2009, and by extending the temporary restraining order on December 30, 2009. Specifically, appellants argue that: (1) the trial court erred in determining that appellee had a viable cause of action against appellants; (2) the trial court erred in concluding that appellee had a probable right to relief and a probable, imminent, and irreparable injury; and (3) the trial court's orders fail to comply with Texas Rule of Civil Procedure 683 and, therefore, are void. Appellee responds by arguing that: (1) appellants lack standing to appeal the temporary restraining order because the orders are not appealable orders and the orders have expired and, thus, are moot; and (2) the trial court did not abuse its discretion in granting the temporary restraining orders.

On February 2, 2010, appellee filed with this Court a motion to dismiss appellate cause number 13-10-00016-CV, arguing that the temporary restraining order is not an appealable order and that, because the temporary restraining orders have expired, the appeal is moot. Appellants countered that: (1) the temporary restraining orders are appealable orders because they did more than maintain the status quo of the underlying matter and, therefore, were ostensibly appealable temporary injunctions; and (2) the dispute is not moot because the "public interest exception" to the mootness doctrine

17

applies.

## A.    Applicable Law

An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes such an appeal. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Section 51.014(a)(4) of the civil practice and remedies code provides that a party may appeal from an interlocutory order of the trial court that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Section 51.014, however, does not provide for interlocutory appeal of a temporary restraining order. *See id.*; *In re Office of the AG*, 257 S.W.3d 695, 698 (Tex. 2008) (holding that temporary restraining orders are not appealable; that the Attorney General had no remedy by appeal; and that mandamus relief was appropriate to address issues pertaining to a temporary restraining order) (citing *In re Newton*, 146 S.W.3d 648, 652-53 (Tex. 2004); *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002)).

The supreme court and other Texas courts have routinely held that whether jurisdiction is conferred on the court of appeals depends on whether the trial court's order can properly be characterized as a temporary injunction, meaning we must look to the substance rather than the title of the order. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) (citing *Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex. 1980); *Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex. Civ. App.–San Antonio 1980, no writ) ("The true character of an injunction is to be determined by its characteristics and functions."); *Conway v. Irick*, 429 S.W.2d 648, 649 (Tex. Civ. App.–Fort Worth 1968, writ ref'd)); *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d at 205 ("The fact that the order is denominated as a temporary restraining order does not control whether the order

18

is appealable."); *see also In re De Villarreal*, No. 13-08-00408-CV, 2009 Tex. App. LEXIS, at **11-12 (Tex. App.–Corpus Christi Apr. 2, 2009, pet. filed) (mem. op.).

In *Brines*, the supreme court articulated the distinction between a temporary restraining order and a temporary injunction:

> A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing.

596 S.W.2d at 523 (citations omitted); *see Lopez*, 845 S.W.3d at 809; *see also In re De Los Santos*, No. 13-01-00549-CV, 2001 Tex. App. LEXIS 6517, at **3-5 (Tex. App.–Corpus Christi Sept. 20, 2001, orig. proceeding) (holding that the expiration of a temporary restraining order usually renders its challenge moot and that a temporary restraining order's purpose is to maintain the status quo between the parties, and if the trial judge grants affirmative relief in the temporary restraining order which alters the status quo, then the temporary restraining order resembles a temporary injunction).

Orders which direct the conduct of a party but do not contemplate imminent disposition of a request for a temporary or permanent injunction cannot be categorized as a non-appealable temporary restraining order. *See Lopez*, 845 S.W.2d at 809 (citing TEX. R. CIV. P. 680); *see also Global Natural Res. v. Bear, Stearns & Co.*, 642 S.W.2d 852, 854 (Tex. App.–Dallas 1982, no writ) ("The temporary restraining order [is] tantamount to a temporary injunction because the effect of it on the parties went beyond protecting the status quo for a ten-day period."); *Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 54 (Tex. Civ. App.–Houston [14th Dist.] 1979, no writ) ("The controlling factor is . . . whether the relief granted does more than preserve the status quo during the ten[-]day span of a temporary restraining order.").

**B.      Discussion**

In the instant case, the trial court's ex parte order entered on December 18, 2009, restrained the Cameron County Civil Legal Division from advising or representing the Cameron County Commissioners Court.  The restraining order also provided the following, among other things:

> It is therefore ORDERED that a temporary restraining order issue, effective upon entry of this order until the fourteenth day thereafter unless otherwise ordered by this Court, to wit:
>
> . . . .
>
> Ordering without notice to Defendants the transfer from the Cameron County Civil Legal Division all positions and budgetary slots to the Cameron County District Attorney's Office under the direction of Armando Villalobos."

The restraining order also stated that it was effective until January 1, 2010, when the matter was scheduled for a hearing.  Based on our reading of the trial court's December 18, 2009 order, it appears that the trial court ordered that the Cameron County Civil Legal Division be transferred to the County Attorney's Office, thereby effectuating a change in the status quo; however, the language of the trial court's order is not entirely clear.

In any event, under the mootness doctrine, a justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *see also In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding).  Moreover, the mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties.  *Fed. Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994). Stated otherwise, a case becomes moot, and thus unreviewable, when one seeks to obtain relief on some alleged controversy when in reality none exists, or on some matter which, when granted, cannot have any practical legal effect on a then-existing controversy.  *See*

*In re Guerra*, 235 S.W.3d 392, 433 (Tex. App.–Corpus Christi 2007, orig. proceeding).

Texas courts have held that the expiration of an order granting injunctive or protective relief renders any issue about such an order moot. *See In re Salgado*, 53 S.W.3d 752, 757 (Tex. App.–El Paso 2001, orig. proceeding) (citing *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725, 726 (1958); *Speed v. Keys*, 130 Tex. 276, 109 S.W.2d 967, 967 (1937) (holding that a temporary restraining order which expired by its own express terms rendered any issue about the order moot); *Hermann Hosp. v. Tran*, 730 S.W.2d 56, 57 (Tex. App.–Houston [14th Dist.] 1987, no writ) (same)); *see also Faddoul v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.–El Paso 2001, no pet.) ("A temporary injunction becomes moot when it becomes inoperative due to a change in status of the parties or the passage of time, or because it has expired.") (citing *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Parr v. Stockwell*, 159 Tex. 440, 322 S.W.2d 615, 616 (1959); *Tex. Educ. Agency v. Dallas Indep. Sch. Dist.*, 797 S.W.2d 367, 369 (Tex. App.–Austin 1990, no writ)).

Here, the trial court's December 18, 2009 order set the matter for a hearing on January 1, 2010, meaning that the injunctive or protective relief was set to expire on January 1, 2010, which is within the fourteen-day time frame outlined in Texas Rule of Civil Procedure 680. *See* TEX. R. CIV. P. 680. In addition, the trial court's December 30, 2009 order provided that the injunctive or protective relief granted expired on January 15, 2010. By their express terms, both the December 18, 2009 and December 30, 2009 orders were expired as of the date of this appeal. Therefore, regardless of whether the trial court's December 18, 2009 and December 30, 2009 orders constituted a temporary restraining order or a temporary injunction, we conclude that the issues in this appeal are moot

because the orders have expired.[5]  *See In re Salgado*, 53 S.W.3d at 757; *Faddoul*, 52 S.W.3d at 86; *see also In re Guerra*, 235 S.W.3d at 433.  Accordingly, we GRANT appellee's motion to dismiss appellate cause number 13-10-00016-CV.

### IV. APPELLATE CAUSE NUMBER 13-10-00023-CV

By their sole issue in their second accelerated interlocutory appeal, appellants argue that the trial court abused its discretion in granting a temporary injunction in favor of appellee, as it pertains to the Cameron County Civil Legal Division's representation of the County in civil matters.

### A. Standard of Review

The decision to grant or deny a temporary injunction is within the sound discretion of the trial court.  *See Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.–Corpus Christi 2009, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)); *see also Freddie Records, Inc. v. Ayala*, No. 13-07-00363-CV, 2009 Tex. App. LEXIS 7681, at **9-10 (Tex. App.–Corpus Christi Sept. 30, 2009, no pet.) (mem. op.).  A reviewing court should reverse an order granting injunctive relief only if the trial court abused its discretion.  *Yarto*, 287 S.W.3d at 89.  The reviewing court must not substitute its own judgment for the trial court's unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion.  *Id.*  In reviewing the trial court's order granting injunctive relief, we are to draw inferences from the evidence in the manner most favorable to the trial court's ruling.  *London Mkt. Insurers v. Am. Home Assur. Co.*, 95 S.W.3d 702, 705 (Tex.

---

[5] In their response to appellee's motion to dismiss appellate cause number 13-10-00016-CV, appellants urge us to apply the "public interest" exception to the mootness doctrine because "[t]his is an issue of considerable public importance and the issue is capable of repetition between either the same parties or other members of the public." APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS, at p. 10 (quoting *In re Guerra*, 235 S.W.3d 392, 433 (Tex. App.–Corpus Christi 2007, no pet.)).  However, we decline to apply this exception to these circumstances because we address the propriety of the injunctive relief granted in favor of appellee in appellate cause number 13-10-00023-CV.

App.–Corpus Christi 2003, no pet.). A trial court does not abuse its discretion when it bases its decision on conflicting evidence unless the evidence does not reasonably support the trial court's decision. *See Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 717 (Tex. App.–Corpus Christi 2001, no pet.). Moreover, on interlocutory appeal of an order granting injunctive relief, we do not reach the merits of the dispute; instead, we only determine whether the record supports the trial court's exercise of discretion. *See Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 552 (Tex. App.–Dallas 2009, no pet.); *see also Freddie Records, Inc.*, 2009 Tex. App. LEXIS 7681, at *10.

## B. Applicable Law

A temporary injunction is an extraordinary remedy that: (1) does not issue as a matter of right; and (2) may not be granted when there is a plain and adequate remedy at law. *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984); *see also Finnegan v. Mercer*, No. 10-09-00250-CV, 2009 Tex. App. LEXIS 9827, at *7 (Tex. App.–Waco Dec. 30, 2009, pet. filed) (mem. op.). The purpose of a temporary injunction is to maintain the status quo between litigants. *Butnaru*, 84 S.W.3d at 204. To obtain a temporary injunction, the applicant must plead and prove the following elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* The party seeking the injunction bears the burden of proving each of the elements articulated in *Butnaru*. *City of McAllen v. McAllen Police Officers Union*, 221 S.W.3d 885, 893 (Tex. App.–Corpus Christi 2007, pet. denied); *see Butnaru*, 84 S.W.3d at 204.

## C. Discussion

### 1. Appellee's Cause of Action Against Appellants

On appeal, appellants assert that: (1) declaratory relief was not available to

appellee without express consent by the Commissioners Court or statute; (2) the trial court erred in exercising its limited supervisory jurisdiction over the Commissioners Court's decision; and (3) this dispute is barred by res judicata and claim or issue preclusion based on this Court's holding in *Lone Star National Bank*. *See* 107 S.W.3d at 854-55.

### a. Appellee's Request for Declaratory Relief

As noted, appellee filed a declaratory judgment action against appellants on December 17, 2009. In this action, appellee alleged that appellants improperly transferred the Cameron County Civil Legal Division out of appellee's office in 1996, and that, by advising the Cameron County Commissioners Court, the Cameron County Civil Legal Division was usurping appellee's constitutional and statutory duties. In addition, appellee requested that the trial court: (1) declare the Cameron County Civil Legal Division's representation of the Cameron County Commissioners Court invalid and unconstitutional; (2) order the Cameron County Civil Legal Division be placed under the control and supervision of appellee; and (3) enjoin the Cameron County Civil Legal Division from advising and representing the Cameron County Commissioners Court. The trial court concluded, among other things, that appellee was entitled to bring a suit for declaratory or injunctive relief to determine the scope of his rights and responsibilities as the Cameron County Attorney.

Appellee asserts that he brought this action in his official capacity, not for or on behalf of the County, under the Act codified at chapter 37 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001-.011 (Vernon 2008). Suits for declaratory judgment are intended to determine the rights of parties when a controversy has arisen, before any wrong actually has been committed. *Montemayor v. City of San Antonio Fire Dep't*, 985 S.W.2d 549, 551 (Tex. App.–San Antonio 1998, pet. denied). The

24

stated purpose of the Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). The Act is a remedial statute designed for any "person . . . whose rights, status, or other legal relations are affected by a statute," and provides a way to "have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b); *see also Nevins v. Whitley*, No. 13-04-486-CV, 2005 Tex. App. LEXIS 6942, at **14-15 (Tex. App.–Corpus Christi Aug. 25, 2005, no pet.) (mem. op.). A declaratory judgment action is neither legal nor equitable, but is sui generis ("of its own kind"). *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). The Act "is to be liberally construed and administered." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b).

In support of his argument that he may bring suit for declaratory or injunctive relief, appellee directs us to this Court's decision in *City of Robstown v. Barrera*, 779 S.W.2d 83, 85 (Tex. App.–Corpus Christi 1989, no writ). The *Barrera* case involved, among other things, the review of an order determining that the Board of Trustees of the City of Robstown's utility system had the power to sue and be sued in its representative capacity pertaining to the management and control of the city's utility system. *Id.* at 84. This Court held that the Board of Trustees had the capacity to bring suit to ascertain their rights and responsibilities as elected officials and noted the following:

> It is only logical that the Board, created by statute and elected by the citizenry, should be able to come to the Court for relief to declare its responsibilities and rights and seek protection of those powers entrusted to it by the city charter. The fact that the city charter does not specifically give the Board the power to sue does not preclude the Board from responding

25

affirmatively to an action brought against it by the City.[6]  The Board was not exercising a "governmental function belonging only to the City" when it chose to defend the City's suit against it.  It simply sought a declaration of the rights that it has pursuant to the city charter and applicable law as an elected body of the City of Robstown.  The fact that the Board is delegated only proprietary functions does not prohibit the Board from bringing suit to determine what those functions entail.

*Id.* at 85.  We believe the situation in *Barrera* is analogous to the current dispute between appellants and appellee.  As in *Barrera*, appellee is an elected official who has filed a declaratory judgment action seeking an order from the district court outlining his rights and responsibilities, especially regarding the representation of Cameron County in civil matters.

On the other hand, appellants cite an opinion from the Houston Fourteenth Court of Appeals to support its argument that appellee has no authority to file suit for or on behalf of the County without consent of the Commissioners Court or an enabling statute.  *See Driscoll v. Harris County Comm'rs Court*, 688 S.W.2d 577, 582-83 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd) (op. on reh'g).[7]  In *Driscoll*, the Harris County Attorney brought suit against the Harris County Commissioners Court in his official capacity as County Attorney challenging the authority of the County toll road authority to employ private counsel.  *Id.* at 571.  The trial court concluded that the County Attorney had standing to seek declaratory relief concerning his duties as County Attorney, but found that the County Attorney:  (1) did not have any authority to seek injunctive or declaratory relief regarding the expenditure of County funds; and (2) lacked the requisite justiciable interest to attack

---

[6] In *Barrera*, the City first filed suit for injunctive relief against the Board of Trustees, individually and in their official capacities, alleging "that the Board members were misapplying and spending public funds in contravention of the City's charter, ordinances, statutes, as well as the State and Federal Constitutions."  *City of Robstown v. Barrera*, 779 S.W.2d 83, 84 (Tex. App.–Corpus Christi 1989, no writ).  In response to the City's suit for injunctive relief, the Board counterclaimed, seeking, among other things, "a declaration that it had authority to institute and maintain a suit . . . ."  *Id.*

[7] In their appellate brief, appellants cite us to a version of the *Driscoll* opinion that was withdrawn, *see Driscoll v. Harris County Comm'rs Court*, 688 S.W.2d 569 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd), *opinion withdrawn and substituted*, 688 S.W.2d 577 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd); however, we believe that they intended to reference the substituted opinion on rehearing.  *See Driscoll*, 688 S.W.2d at 577.

26

either the formation of the Harris County Toll Road Authority or the appointment of the operating board. *Id.* at 582. Relying on case law stating that the County Attorney does not have the authority to institute a proceeding for or on behalf of the County unless given the power by statute or by order of the Commissioners Court, the *Driscoll* court held:

> His authority [the County Attorney's] being so restricted, it appears to follow, therefore, that the county attorney in his official capacity would not have the authority by injunction or declaratory judgment to seek relief against the expenditure of county funds, as was attempted here. For the same reason, in his official capacity, we hold that he lacked the requisite justiciable interest to attack the formation of the Authority or the appointment of the members of the board.

*Id.* at 582-83 (citing *Looscan v. Harris County*, 58 Tex. 511 (1883); *Ward County v. King*, 454 S.W.2d 239 (Tex. Civ. App.–El Paso 1970, writ dism'd); *Wexler v. State*, 241 S.W. 231 (Tex. Civ. App.–Galveston 1922, no writ); *Duncan v. State*, 67 S.W. 903 (Tex. Civ. App.–Fort Worth 1902, no writ)).

We note that the *Driscoll* opinion is not binding precedent on this Court. In any event, we find the opinion to be distinguishable from the dispute in this case. *Driscoll* states that the County attorney in that case sought to intervene in matters traditionally vested with the Commissioners Court—i.e., the handling of budgetary matters, the appointment of public officials, and the creation and arrangement of County offices. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex, 1997) (noting that the duties of the Commissioners Court includes legislative, executive, administrative, and judicial functions and that the Commissioners Court is the County's principal governing body) (citing *Avery v. Midland County*, 390 U.S. 474, 482 (1968); *Ector County v. Stringer*, 843 S.W.2d 477, 478 (Tex. 1992)); *Griffin v. Birkman*, 266 S.W.3d 189, 194 (Tex. App.–Austin 2008, pet. filed) (stating that the Commissioners Court has the power to manage County business, including the specific statutory duty to oversee the fiscal

27

operation of the County by approving and authorizing a budget) (citing TEX. CONST. art. V, § 18; TEX. LOC. GOV'T CODE ANN. §§ 111.001-.095 (Vernon 2008)); *see also* TEX. LOC. GOV'T CODE ANN. §§ 151.001-.004 (Vernon 2008) (providing that County officials may employ deputies, assistants, clerks, or other appointed positions only as authorized by the Commissioners Court). Because the scope of the review in *Driscoll* pertained to actions clearly delegated to the Commissioners Court, and the case is not binding on this Court, we cannot say that the holding in *Driscoll* is applicable in this matter—a dispute pertaining to control over the representation of the County in civil matters.

Therefore, because: (1) the Act is broad in scope and authorizes any person to file suit in order to clarify their rights and responsibilities; (2) this Court has held that elected officials have the right to file a declaratory judgment action to clarify the rights and responsibilities of their elected post; and (3) appellee filed suit in his official capacity and not on behalf of the County, we conclude that appellee was entitled to file his declaratory judgment action to clarify his rights and responsibilities as the Cameron County Attorney.

### b. The Trial Court's Supervisory Jurisdiction Over the Commissioners Court

The Texas Constitution vests in the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulation as may be prescribed by law." TEX. CONST. art. V, § 8; *see Griffin*, 266 S.W.3d at 195. The enabling statute empowering the district court to exercise such supervisory control over the Commissioners Court merely repeats the terms of the constitution. *See* TEX. GOV'T CODE ANN. § 24.020 (Vernon 2004). "With very few exceptions, such as the provision for the appeal of a County Commissioners Court order creating improvement districts, the legislature has not prescribed any specific manner by

28

which the district court exercises such supervisory power." *Griffin*, 266 S.W.3d at 195 (citing *Enriquez*, 863 S.W.2d at 528). "The lack of legislative direction has left to the courts the task of defining the scope of the district court's supervisory powers over the actions of the County Commissioners Court." *Id.* (citing *Enriquez*, 863 S.W.2d at 528).

When a Commissioners Court acts beyond its authority in performing its legislative function, the supervisory jurisdiction of the district court comes into play. *Enriquez*, 863 S.W.2d at 528. Furthermore, a district court may reverse a Commissioners Court's action only if the latter has acted arbitrarily, capriciously, collusively, fraudulently, or, otherwise, in abuse of its discretion. *See Stringer*, 843 S.W.2d at 479; *Stovall v. Shivers*, 129 Tex. 256, 103 S.W.2d 363, 366 (1937); *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 355 (Tex. App.–Austin 2003, pet. denied); *Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417, 420 (Tex. App.–San Antonio 1986, writ ref'd n.r.e.) (invoking the district court's jurisdiction by alleging that a Commissioners Court's order is voidable as being "arbitrary, capricious, unsupported by substantial evidence or that the court has acted beyond its jurisdiction").

A court may not substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law vests the primary power and duty to act. *Stringer*, 843 S.W.2d at 459. If the Commissioners Court acts illegally, unreasonably, or arbitrarily, a court of competent jurisdiction may so adjudge, but there the power of the court ends. *Id.* (citing *Lewis v. City of Fort Worth*, 126 Tex. 458, 89 S.W.2d 975, 978 (1936)).

Appellants cite to a litany of cases, arguing that the trial court—the 444th Judicial District Court—did not have supervisory jurisdiction over the Commissioners Court's decision to transfer the Cameron County Civil Legal Division from the County Attorney's

29

Office.  *See Comm'rs Court of Randall County v. Sherrod*, 854 S.W.2d 914, 920 (Tex. App.–Amarillo 1993, no writ); *In re El Paso County Courthouse*, 765 S.W.2d 876, 882 (Tex. App.–El Paso 1989, no writ); *Comm'rs Court of Caldwell County v. Criminal Dist. Attorney*, 690 S.W.2d 932, 934-35 (Tex. App.–Austin 1985, writ ref'd n.r.e.); *Weber v. City of Sachse*, 591 S.W.2d 563, 566 (Tex. Civ. App.–Dallas 1979, writ dism'd); *Garcia v. State*, 290 S.W.2d 555, 557 (Tex. Civ. App.–San Antonio 1956, writ ref'd n.r.e.).  Each of these cases generally stands for the proposition that the trial court only has supervisory jurisdiction over Commissioners Court decisions that are arbitrary, capricious, or, in other words, constitute an abuse of discretion.

However, appellee's allegations in this case center on whether the Cameron County Commissioners Court's decision to transfer the Civil Legal Division from appellee's office was arbitrary, capricious, and constituted an abuse of discretion.  Thus, appellee's allegations appear to vest supervisory jurisdiction in the trial court to review the Commissioners Court's decision to transfer the Civil Legal Division from appellee's office. While we recognize that Texas courts have held that the Act does not enlarge existing jurisdiction or create new jurisdiction, *see Lund v. Alanis*, 381 S.W.2d 955, 956 (Tex. Civ. App.–San Antonio 1964, writ dism'd) (per curiam); *Phillips v. City of Odessa*, 287 S.W.2d 518, 520 (Tex. Civ. App.–El Paso 1956, writ ref'd n.r.e.), appellants have not cited any authority specifically excluding the substance of this matter from the trial court's supervisory jurisdiction or demonstrating that the district court's exercise of jurisdiction over this matter was somehow improper.  Accordingly, we conclude that appellants' contention that the trial court does not have supervisory jurisdiction over this matter is unfounded.

**c.      Res Judicata**

The doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that

have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The purpose of the doctrine of res judicata is to bring an end to litigation, prevent vexatious litigation, maintain the stability of court decisions, promote judicial economy, and prevent double recovery. *See Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Barr*, 837 S.W.2d at 629; *Jeanes v. Henderson*, 688 S.W.2d 100, 105 (Tex. 1985)). As noted earlier, appellants rely solely on this Court's decision in *Lone Star National Bank* to support their res judicata contention.

In *Lone Star National Bank*, this Court analyzed whether the Cameron County Attorney, one of appellee's predecessors, had standing to intervene in an action brought by a bank against Cameron County. 107 S.W.3d at 854-55. Specifically, the Cameron County Attorney argued that she was entitled to intervene in the lawsuit without express approval of the Commissioners Court under section 41.009 of the government code, which allows the County Attorney to initiate proceedings against County officials who are entrusted with the collection or safekeeping of public funds and who neglect or abuse the trust confided in them. *Id.*; *see* TEX. GOV'T CODE ANN. § 41.009 (Vernon 2004). The dispute, brought in the form of a declaratory judgment action, centered on whether a depository contract between the bank and Cameron County was valid and legally binding. *See Lone Star Nat'l Bank*, 107 S.W.3d at 854. This Court concluded that section 41.009 did not authorize the County Attorney to intervene in the suit because the record did not

31

demonstrate that the Commissioners Court—using the Cameron County Civil Legal Division to defend against the declaratory judgment action—impinged upon the County Attorney's statutory duties. *Id.* at 854-55.

While this Court outlined much of the law governing the relationship between the Commissioners Court and the County Attorney's Office, we do not believe this case supports appellants' res judicata contention because the Court was specifically asked to determine the import of section 41.009 of the government code, as it applied to the County Attorney's right to represent the County in a declaratory judgment action about a depository contract. *See id.* It does not appear that the County Attorney argued the applicability of section 41.007 of the government code or its impact in *Lone Star National Bank* because section 41.009 directly applied. *See id.* Furthermore, we did not specifically hold that the County Attorney may not represent the County in civil matters, nor did we address the propriety of the Commissioners Court's employment of a permanent civil legal division, as neither argument was raised, nor should have been raised in the dispute. *See id.* Therefore, based on the foregoing, we conclude that appellants' res judicata contention lacks merit. *See Amstadt*, 919 S.W.2d at 652; *see also Barr*, 837 S.W.2d at 628.

In sum, we find that the governing statutory and case law authorized appellee to bring this action in the trial court to declare his rights and responsibilities as an elected official of Cameron County.

### 2. Probable Right to the Relief Sought

Next, appellants argue that the trial court arbitrarily and unreasonably applied the law pertaining to: (1) appellee's constitutional and statutory duties; (2) the Commissioners Court's authority to govern County business and hire legal counsel; and (3) the determination of the status quo.

### a. Applicable Law

It is undisputed that appellee's proper title is Cameron County Attorney and that appellee performs the duties of a district attorney. *See* TEX. GOV'T CODE ANN. § 46.002(3) (Vernon Supp. 2009); TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005) (stating the following with respect to the duties of district attorneys: "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely"); *see also In re Guerra*, 235 S.W.3d 392, 407 n.54 (Tex. App.–Corpus Christi 2007, no pet.) ("'The attorney representing the State' means the Attorney General, district attorney, criminal district attorney, or county attorney.") (citing TEX. CODE CRIM. PROC. ANN. art. 20.03 (Vernon 2005)). Article V, section 21 of the Texas Constitution further outlines the duties and responsibilities of a County Attorney in Texas:

> A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years. In case of vacancy[,] the Commissioners Court of the county shall have the power to appoint a County Attorney until the next general election. *The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.* . . .

TEX. CONST. art. V, § 21 (emphasis added). However, chapter 45 of the civil practice and remedies code provides that the County Attorneys in several Texas counties have different vested powers than those described in article V, section 21 of the Texas Constitution. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 45.001-.351 (Vernon 2004 & Supp. 2009). In fact, the County Attorneys in Fort Bend County, Grimes County, Harris County, Lee County, Matagorda County, Montgomery County, Oldham County, Swisher County, and Wharton

33

County are empowered with the exclusive right to represent their respective Commissioners Courts in civil matters or in all County matters. *See id.* §§ 45.179, .193, .201, .244, .261, .270, .280, .319, .341 (Vernon 2004 & Supp. 2009). However, no such statute applies to Cameron County. *See id.* § 45.131 (stating that the section is "reserved for Cameron County" without any additional language outlining further duties imposed on the Cameron County Attorney).

The Commissioners Court derives its power from article V, section 18(b) of the Texas Constitution:

> (b) Each county shall, in the manner provided for justice of the peace and constable precincts, be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified. *The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.*

TEX. CONST. art. V, § 18 (emphasis added).

The Texas Supreme Court has construed article V, section 18 to mean "that although a commissioners court may exercise broad discretion in conducting county business, the legal basis for any action taken must be grounded ultimately in the constitution or statutes." *Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (citing *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex. Civ. App.–Eastland 1978, writ ref'd n.r.e)). However, the *Guynes* court noted that "[a]s the administrative head of county government, a commissioners court also possesses broad implied powers to accomplish its legitimate directives." *Id.* (citing *Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333, 334 (1961); *Anderson v. Wood*, 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941); *Galveston*

34

*County v. Gresham*, 220 S.W.560, 562 (Tex. Civ. App.–Galveston 1920, writ ref'd)). "These powers include the authority to contract with experts when necessary, including attorneys." *Id.* (citing *McKenna*, 350 S.W.2d at 334; *McClintock & Robertson v. Cottle County*, 127 S.W.2d 319, 321 (Tex. Civ. App.–Amarillo 1939, writ dism'd judgm't cor.)).

The *Guynes* court also stated that:

> Although this court has not specifically addressed the question whether a commissioners court may employ a permanent legal staff to advise it in its various civil affairs, the courts of this state have for the last century upheld the power of a commissioners court to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other county officials are not thereby usurped. [*See,*] [*e*].*g*.[,] *Terrell v. Greene*, 88 Tex. 539, 31 S.W. 631, 633 (1895); *Maud v. Terrell*, 109 Tex. 97, 200 S.W. 375, 376 (1918); *Seagler v. Adams*, 238 S.W. 707, 708 (Tex. Civ. App.–Galveston 1922), *aff'd*, 112 Tex. 583, 250 S.W.413 (1923). As long as the commissioners court does not impinge on the statutory duties of other officials, it retains the implied power to control litigation and choose its legal remedies. *See Looscan v. Harris County*, 58 Tex. 511, 514 (1883); *Terrell*, 31 S.W. at 633; *Travis County v. Matthews*, 235 S.W.2d 691, 697 (Tex. Civ. App.–Austin 1950, writ ref'd n.r.e). Moreover, county and district attorneys are charged primarily with enforcement of the criminal statutes, *Brady v. Brooks*, 99 Tex. 366, 89 S.W. 1052, 1056 (1905), and "it is not one of their prescribed legal duties to represent the county in its general legal business or the conduct of ordinary civil actions." *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414, 419 (Tex. Civ. App.–Waco 1968), *aff'd*, 436 S.W.2d 320 (Tex. 1969).

*Id.* at 863-64; *see Lone Star Nat'l Bank*, 107 S.W.3d at 855.

### b.      Discussion

In this appeal, among the issues that we are faced with is the situation referenced by the supreme court in *Guynes*—the propriety of the Commissioners Court's decision to employ permanent legal staff to advise it in civil matters. We also must analyze the Commissioners Court's 1996 decision to transfer the Civil Legal Division from appellee's office. Appellee argues that the Commissioners Court's decision to transfer the Civil Legal Division from his office amounted to an arbitrary and capricious decision because the

35

decision is not supported by law.  Appellee further argues that his office has the exclusive duty of advising the Commissioners Court on civil matters.

First, we analyze the Commissioners Court's 1996 decision to transfer the Civil Legal Division from appellee's office.  At the January 15, 2010 hearing, Judge Cascos admitted that from the creation of Cameron County in the late 1800's until 1996, the Commissioners Court was represented in civil matters by the County Attorney's Office.  However, in late 1996, then-Cameron County Attorney Luis Saenz consented to the transfer of the Civil Legal Division from the County Attorney's Office to the Commissioners Court, meaning the County Attorney's Office was no longer responsible for representing the Commissioners Court in civil matters.  Judge Cascos testified that he believed the transfer of power was done out of spite, because certain commissioners were worried about whether the incoming Cameron County Attorney, Yolanda De León, would effectively represent the Commissioners Court in civil matters.  Judge Cascos did, however, state that he was unsure about the motives of other commissioners, especially regarding his allegation that the transfer was done out of spite.

Judge Cascos later referenced a letter written by then-Cameron County Judge Gilberto Hinojosa on February 11, 1997, which was addressed to De León and noted numerous justifications for the purported transfer of power.  In his letter, former County Judge Hinojosa stated the following:

> We concur that it is in the best interest of our constituents to work together.  But we believe the action taken by this [c]ommissioners [c]ourt over the last five years to create a strong civil legal support group for the commissioners court is in the best interest of our constituents.
>
> . . . .
>
> There was no intent by the [c]ommissioners [c]ourt to demean you or your position.  The intent was and is to maintain a strong civil legal division.

36

We support your efforts to perform your primary duty as a County Attorney with felony responsibility, which is [the] enforcement of the criminal statutes. We honored your first request for [a] budget amendment, and authorized the addition of four attorneys to your staff, two for the misdemeanor section, one for the juvenile section, and one for second chair felony.

. . . .

**DUTIES OF RESPECTIVE OFFICES:** The respective duties of the criminal and civil divisions are unchanged subsequent to December 19, 1996, except that the county attorney must provide legal opinion to county officials when requested, which the civil legal division used to do. The county attorney may not, by statute and attorney general's opinion, provide representation to any employee or official, including herself or her employees unless the commissioners court authorizes such representation. To authorize representation[,] the alleged act of the official or employee must have been in the performance of their public duties and the commissioners court must find that provision of such representation is in the best interest of the public. If the commissioners directed the [C]ounty [A]ttorney's [O]ffice to provide representation to an official or employee[,] the commissioners should provide staff. In the past when there existed a potential for conflict of interest between the county and the sued employee or official, the commissioners have hired outside counsel. It would not be a change to continue [to do] so.

(Emphasis in original.) The letter written by former-Cameron County Judge Hinojosa was in response to a letter sent by De León to the Commissioners Court on January 30, 1997, wherein she expressly withdrew any consent that former-Cameron County Attorney Saenz had given for this action and stated that the transfer of power was "an unwarranted and unconstitutional usurpation of the powers of [the] County Attorney."

Regardless of the Commissioners Court's intentions for transferring the Civil Legal Division from the County Attorney's Office in 1996, appellee has not refuted appellants' argument that the Commissioners Court is vested with the right to conduct county business. *See* TEX. CONST. art. V, § 18; *see also Guynes*, 861 S.W.2d at 863; *Canales*, 214 S.W.2d at 453; *Renfro*, 566 S.W.2d at 690. Moreover, appellee has not directed us to any applicable constitutional or statutory provision that precluded the Commissioners Court from transferring the Civil Legal Division from the County Attorney's Office. Instead,

37

appellee argues that the Commissioners Court's decision to transfer the Civil Legal Division was not supported by any law whatsoever. However, Texas courts have routinely held that the Commissioners Court not only has the power to conduct all County business, but it also has the power over budgetary matters involving the County. *See* TEX. CONST. art. V, § 18; *Guynes*, 861 S.W.2d at 863; *Canales*, 214 S.W.2d at 453; *Renfro*, 566 S.W.2d at 690; *see also Hooten*, 863 S.W.2d at 528 (providing that the Commissioners Court is empowered to create the budget for the County's offices and department); *Comm'rs Court of Caldwell County*, 690 S.W.2d at 935 (stating that the Commissioners Court is imbued with broad discretion over budgetary decisions in executing its duties to manage the County's budget).

Arguably, the alignment of the Civil Legal Division under the Commissioners Court or the County Attorney's Office involves the conducting of County business, and perhaps more importantly, the managing of County budgetary matters. Based on our review of the governing statutes and case law, it is apparent that appellee's office never had the exclusive right to represent Cameron County in civil matters in the first place. Thus, it is irrelevant to our analysis that the Commissioners Court acquiesced to the County Attorney's Office representing the County in civil matters for more than a hundred years. Therefore, because appellee has not directed us to any constitutional or statutory provision precluding the Commissioners Court from transferring the Civil Legal Division from appellee's office, and because the Commissioners Court is vested with the right to govern County business and the County's budget, we cannot conclude that the Commissioner Court's transfer of the Civil Legal Division from appellee's office constituted an arbitrary and capricious decision or an abuse of discretion.

Nevertheless, appellee argues that section 41.007 of the government code provides that the County Attorney's Office is the representative of the County in civil matters, and,

thus, the Commissioners Court usurped appellee's duty to advise and represent the County in civil matters. Section 41.007 provides as follows: "A district or county attorney, *on request*, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official." TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004) (emphasis added). To properly analyze appellee's contention regarding section 41.007, we must resort to the rules of statutory interpretation.

Matters of statutory interpretation are questions of law, over which we exercise de novo review. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). The primary rule of statutory interpretation is that a court must look to the intent of the Legislature and must construe the statute so as to give effect to that intent. *Lee-Hickman's Invs. v. Alpha Invesco Corp.*, 139 S.W.3d 698, 700 (Tex. App.–Corpus Christi 2004, no pet.) (per curiam) (citing *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.–Austin 1998, no pet.)). It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose, and each sentence, clause, and word is to be given effect if reasonable and possible. *See Tex. Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (citing *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963)); *see also Cameron v. Terrell & Grant, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Likewise, every word excluded from a statute must also be presumed to have been excluded for a purpose. *See Cameron*, 618 S.W.2d at 540. In addition, we do not view disputed portions of a statute in isolation. *Id.* (citing *Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994)). We are to discern legislative intent from the plain meaning of the words of the statute. *See Alpha Invesco Corp.*, 139 S.W.3d at 700 (citing *L.S. Ranch, Ltd.*, 970 S.W.2d at 752).

In reviewing the plain language of the statute, we find that the inclusion of the words

39

"on request" in section 41.007 connotes that the Commissioners Court retains the option of utilizing the County Attorney's Office to represent the County in civil matters, and we do not believe that the language included in section 41.007 creates a mandatory duty for the Commissioners Court to utilize the County Attorney's Office to represent the county in civil matters. *See id.* This construction of section 41.007 is supported by the supreme court's jurisprudence regarding the County Commissioners Court's power to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other County officials are not thereby usurped, and the County Commissioners Court's implied power to control litigation and choose its legal remedies.[8] *See Guynes*, 861 S.W.2d at 863-64. If the Commissioners Court was required to use the County Attorney's Office for representation in civil matters, it would seem that the Commissioners Court's power to retain counsel for assistance and its power to control litigation and its legal remedies would be abrogated. *See id.*

Moreover, we find that the legislature's use of the word "shall" in section 41.007 imposes a mandatory duty on the County Attorney's Office to provide written advice to

---

[8] Though not binding on this Court, *see Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997), several recent opinions from the Attorney General's Office have addressed similar issues as the one in dispute and endorsed the Commissioners Court's power to direct County business and to employ legal counsel to advise and represent the County in civil matters. *See* Op. Tex. Att'y Gen. No. GA-0153, 2004 Tex. AG LEXIS, at *14, *22 (Feb. 19, 2004) (concluding that the Fannin County Commissioners Court may employ a private attorney as a salaried or hourly employee to provide the Commissioners Court with legal advice, and this can be done without the consent of the County Attorney provided that the actions do not usurp constitutional or statutory duties vested in the County Attorney's Office); *see also* Op. Tex. Att'y Gen. No. GA-0714, 2009 Tex. AG LEXIS 29, at *12 (May 12, 2009) ("Code of Criminal Procedure article 103.0031, which authorizes the Commissioners Court of a County to enter into a contract with a private attorney or a public or private vendor for the provision of collection services [in cases where a defendant fails to pay fines, fees, costs, forfeited bonds, or restitution], does not violate article V, section 21 of the Texas Constitution by depriving the criminal district attorney of the authority to prosecute suits by the state."); Op. Tex. Att'y Gen. No. GA-0545, 2007 Tex. AG LEXIS 49, at *10 (May 4, 2007) (concluding that the "County Attorney of Henderson County has no exclusive duty to represent Henderson County in all civil legal matters. Thus, the County Auditor's retention of outside legal counsel did not improperly impinge on an exclusive duty of the County Attorney"); Op. Tex. Att'y Gen. No. GA-0507, 2007 Tex. AG LEXIS 14, at **16-17 (Jan. 30, 2007) (stating that a County Attorney is not authorized to serve as legal counsel to the Texas Department of Aging and Disability Services, absent its request, in the initiation and prosecution of an application for place of a person with mental retardation, a civil matter under section 593.041 of the health and safety code).

County officials only if asked or requested by a County official.  *See* TEX. GOV'T CODE ANN. § 41.007; *see also* TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996) (holding that usage of the word "shall" in a statute generally imposes a mandatory duty; however, the word may be directory when this interpretation is most consistent with the legislature's intent).  It does not appear that the converse is true—that County officials are required to request written advice solely from the County Attorney's Office.  *See* TEX. GOV'T CODE ANN. § 41.007.  Additionally, nowhere in section 41.007 does the Legislature explicitly state that the County Attorney is required to represent the Commissioners Court in civil matters when the Commissioners Court has not consented or requested such representation.  *See id.* Moreover, appellee does not assert any other constitutional or statutory basis for his usurpation contention.

Therefore, based on the foregoing, we conclude that the trial court's conclusion that appellee demonstrated a probable right to recovery on a trial on the merits is erroneous. As such, appellee has not satisfied the essential elements for a temporary injunction.  *See Butnaru*, 84 S.W.3d at 204; *see also McAllen Police Officers Union*, 221 S.W.3d at 893. Because appellee failed to satisfy the essential elements for a temporary injunction, we further conclude that the trial court abused its discretion in issuing a temporary injunction in favor of appellee.  *See Butnaru*, 84 S.W.3d at 204; *Yarto*, 287 S.W.3d at 89; *see also Ayala*, 2009 Tex. App. LEXIS 7681, at **9-10.  Accordingly, we sustain appellants' sole issue on appeal in appellate cause number 13-10-00023-CV.

## IV. CONCLUSION

In sum, we conditionally grant the writ requested by appellants in appellate cause number 13-10-00059-CV, and we grant appellee's motion to dismiss in appellate cause

number 13-10-00016-CV.  In appellate cause number 13-10-00023-CV, we dissolve the temporary injunction, reverse the trial court's judgment, and remand for proceedings consistent with this opinion. _____

_____

     _____ ROGELIO VALDEZ
Chief Justice

Delivered and filed the
15th day of July, 2010.