**CITY OF AUSTIN, Appellant,**

v.

**L.S. RANCH, LTD., and Circle C Land Corp., Appellees.**

No. 03–98–00024–CV.

Court of Appeals of Texas, Austin.

June 11, 1998.

Rehearing Overruled July 2, 1998.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellees L.S. Ranch, Ltd. and Circle C Land Corporation, landowners, filed suit against appellant, City of Austin, seeking a declaration that a proposed annexation by the City was invalid. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004 (West 1997). The City filed a plea to the jurisdiction asserting the absence of a justiciable controversy. The trial court denied the plea, and the City perfected this interlocutory appeal. We will dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 1997, appellees made the requisite filings in the real property records of Hays and Travis Counties to create a "water quality protection zone" (hereinafter "the Zone"). *See* Tex. Water Code Ann. § 26.179(d) (West Supp.1998). Later that same day, appellees filed this suit against the City seeking a declaration that (1) section 26.179 of the Water Code is a valid statute, (2) the Zone was properly designated and became effective upon filing in the real property records, and (3) Austin may not annex areas within the Zone nor enforce any of its ordinances within the Zone. Appellees' petition alleged that the City had earlier published notice of its intent to adopt an ordinance annexing into the City an area of land that included the Zone. The appellees' petition alleged that after creation of the Zone, such annexation was statutorily prohibited.[1]

The City responded to appellees' suit by filing several pleadings, including a plea to the jurisdiction. On December 11, the district court held a hearing on the City's plea to the jurisdiction. On January 20, 1998, the court signed an order denying the plea. The City perfected this interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code Ann.

Pamela Stanton Baron, Austin, for Appellant.

Roy Q. Minton, Minton, Burton, Foster & Collins, P.C., Austin, P. Michael Jung, Strasburger & Price, L.L.P., Dallas, for Appellee.

1. The statute providing for the creation of water quality protection zones states:

    A water quality protection zone may be annexed by a municipality only after the installation and completion of 90 percent of all facilities and infrastructure described in the water quality plan for the entire zone as being necessary to carry out such plan or the expiration of 20 years from the date of designation of the zone, whichever occurs first.

    Water Code § 26.179(i).

§ 51.014(a)(8) (West Supp.1998). On appeal, the City asserts that appellees' petition fails to allege a ripe, justiciable controversy, but instead asks the trial court to render an advisory opinion.

## DISCUSSION

### Interlocutory Appeal Under Section 51.014(a)(8)

■ Appellees first assert that this Court does not have jurisdiction to hear this appeal because the Civil Practice and Remedies Code provision on which the City relies allows such interlocutory appeals only when the asserted lack of jurisdiction in the trial court is based on sovereign immunity. The relevant statute provides: "A person may appeal from an interlocutory order of a district court, county court at law, or county court that: . . . grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (West Supp.1998). Section 101.001 defines "governmental unit" to include "a political subdivision of this state, including any city." Id. § 101.001(3)(B). Notwithstanding the literal terms of the statute, appellees contend section 51.014(a)(8) was not intended to allow an interlocutory appeal from the denial of any plea to the jurisdiction filed by a governmental entity, but only from the denial of a plea that is based on sovereign immunity.

■ The primary rule of statutory interpretation is that a court must look to the intent of the legislature and must construe the statute so as to give effect to that intent. Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex.1997). When determining legislative intent, courts look to the language of the statute, legislative history, the nature and object to be obtained, and the consequences that follow alternate constructions. Id.; Sharp v. House of Lloyd, Inc., 815 S.W.2d 245, 249 (Tex.1991); see Tex. Gov't Code Ann. § 311.023 (West 1988). If possible, however, we are to discern legislative intent from the plain meaning of the words of the statute. See Monsanto v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex.1993).

■ Through a plea to the jurisdiction, a movant may raise any ground on which the movant claims the court has no subject-matter jurisdiction. Therefore, a governmental unit that has been sued is not limited to the issue of sovereign immunity, but may file a plea to the jurisdiction on any appropriate basis. Appellees suggest, however, that by referencing the definition of "governmental unit" contained in the Tort Claims Act, the legislature meant section 51.014(a)(8) to apply only to situations in which sovereign immunity was the asserted basis for the plea to the jurisdiction.

The language of section 51.014(a)(8) does not contain the suggested limitation. Nonetheless, appellees assert that the provision's legislative history supports such a construction. Subsection (a)(8) was added by Senate Bill 453 of the 74th Legislature. See Act of May 27, 74th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4937. The sponsor of the bill, Senator Robert Duncan, stated that the purpose of the subsection was to add to the list of orders eligible for interlocutory appeal "the granting or denying a plea to the jurisdiction by a government unit; that is whether or not a government may—governmental unit may be sued." Hearing on Tex. S.B. 453 before the Senate Committee on Jurisprudence, 74th Leg. R.S. 2–3 (Feb. 24, 1997). This testimony does not conclusively demonstrate the restriction appellees assert. While sovereign immunity is one reason a trial court may lack jurisdiction over a suit against a governmental unit, so too are other jurisdictional requirements. Senator Duncan's comments do not necessarily show that the legislature intended for a governmental unit to be limited in perfecting interlocutory appeals to pleas to the jurisdiction based on sovereign immunity.

Appellees also point to testimony of an assistant attorney general, Carey Smith, that the need for an interlocutory appeal of a plea to the jurisdiction order arises in contract suits filed against the State notwithstanding its immunity from suit. Id. at 10–15. Smith testified to the high cost of defending those suits until sovereign immunity is vindicated on appeal after final judgment. Id. at 10. As with Senator Duncan's comments, this

testimony demonstrates one basis for the statute, but does not suggest the exclusion of other bases. The high cost of defending a suit against a governmental entity, borne ultimately by the public, is strong motivation for allowing *any* jurisdictional issue to be resolved before the merits of the suit are litigated. Neither Smith's nor Duncan's testimony purported to address the *limits* of section 51.014(a)(8).

Appellees also point to a bill analysis of S.B. 453, which states: "to avoid overloading the appellate courts on routine motions, the bill would limit subject matter jurisdiction interlocutory appeals to cases involving government entities sued under the Tort Claims Act." House Research Organization, Bill Analysis, Tex. S.B. 453, 74th Leg., R.S. (1997), at 15. This statement, however, does not purport to be an objective analysis of the bill, but rather is contained in the section of the report summarizing what the bill's *supporters say* about it. Moreover, the bill analysis from the House and Senate committees considering the bill both simply state that the bill "provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a government unit," without discussing any restriction that such pleas must be based on sovereign immunity. *See* Senate Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 453, 74th Leg., R.S. (1997); House Comm. on Civil Practices, Bill Analysis, Tex. S.B. 453, 74th Leg., R.S. (1997).

■ We acknowledge our earlier holding that statutes providing for interlocutory appeals should be strictly construed. *See Tober v. Turner of Texas, Inc.*, 668 S.W.2d 831, 835 (Tex.App.—Austin 1984, no writ). We may not, however, by implication enlarge the meaning of any statutory term beyond its ordinary meaning if legislative intent can be gathered from a reasonable construction of the statute as written. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994); *see also Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex.1981) (courts can insert additional words into statutory provision only when necessary to give effect to clear legislative intent). The legislative history here is not sufficiently clear or compelling to require us to add a restriction to the statute that the legislature did not provide. We conclude that the present interlocutory appeal was proper under section 51.014(a)(8).

### Jurisdictional Allegations and Mootness

■ When the issue of jurisdiction is raised in the trial court, a reviewing court looks to the pleadings to determine if they allege facts that demonstrate the court's jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). However, even a failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize immediate dismissal:

> This rule (that a petition must state a case within the jurisdiction of the court) however, is to be applied in connection with another rule; namely, that the mere failure of a petition to state [a] cause of action does not show want of jurisdiction in the court. It is only where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated consistent with the facts alleged that it can be said that the court is without jurisdiction. If the court can see that the nature of the different items claimed is such that, by amendment, they may be shown to be recoverable, then there is involved only a question of the sufficiency of the pleading, and not of the jurisdiction of the court.

*Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (quoting *Lone Star Finance Corp. v. Davis*, 77 S.W.2d 711, 715 (Tex.Civ.App.—Eastland 1934, no writ)). Thus, if the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 805 (Tex.1989); *see Texas Ass'n of Business*, 852 S.W.2d at 446. It is, of course, possible for a party to plead facts that affirmatively demonstrate an absence of jurisdiction. *See Peek*, 779 S.W.2d at 804. Because such a defect is incurable, immediate dismissal of the case is proper in that circumstance. *See City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.1985).

**754**

■ The Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1997), does not enlarge the jurisdiction of Texas courts. *State v. Morales*, 869 S.W.2d 941, 947 (Tex.1994). The asserted dispute must already be within the court's jurisdiction. *Id.* Relief is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the relief sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). A controversy is justiciable only if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Id.*

■ In the present case, at the time the order denying the plea to the jurisdiction was signed, the material allegations in appellees' live petition were that, before the Zone was created, the City had "published notice of its intention to adopt an ordinance annexing an area of land, including the Zone, in the city limits of Austin" and that the Zone was in existence when the original petition was filed. The City contends the pleading of a mere *threat* to annex the Zone is not enough to demonstrate a ripe controversy. *Cf. City of Garland*, 691 S.W.2d at 605 (declaratory judgment action to declare a referendum statute unconstitutional is not ripe if brought before election is held); *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex.1980) (declaratory judgment on constitutionality of proposed charter amendment is not justiciable before actual election on the amendment is held).

■ Assuming without deciding that the mere threat of annexation would not, under the present circumstances, sufficiently demonstrate a justiciable controversy, nonetheless such an allegation does not affirmatively demonstrate a *lack* of jurisdiction. Given an opportunity to amend, appellees might plead other facts that demonstrate a justiciable controversy.[2] Therefore, because appellees' petition is at most merely insufficient to demonstrate jurisdiction, without affirmatively showing a lack thereof, the trial court would have been required to give appellees an opportunity to amend before dismissing.

When reversing a trial court's judgment, an appellate court is generally obligated to render the judgment that the trial court should have rendered. Tex.R.App. P. 43.3. Therefore, even if appellees' original petition were inadequate to show jurisdiction, the foregoing rule would mean we would be called on to grant appellees an opportunity to amend and attempt to cure the deficiency (or remand with instructions that the trial court grant such an opportunity).

Appellees have filed in this Court a motion to dismiss the City's appeal. Attached as an exhibit to appellees' motion is a sworn copy of a "Second Amended Petition" that appellees have filed in the district court.[3] Appellees allege in that petition that the City has carried out the threatened annexation.[4] This

---

2. The City asserts that nothing occurring after the filing of the original petition can be considered in determining the existence of a justiciable controversy, citing *FX Hooper Co. v. Samuel M. Langston Co.*, 56 F.Supp. 577, 582 (D.N.J.1944). We disagree. The Texas Supreme Court has implied that cases can "ripen" after originally filed. *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988) (stating that even by the time judgment was rendered, case had not ripened into a justiciable controversy); *see also Woodruff v. City of Laredo*, 686 S.W.2d 692, 694 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (affirming declaratory relief adverse to landowners although judgment was rendered while annexation proceedings were still being conducted by the city). Moreover, the City ignores the possibility that a plaintiff might be able to plead additional facts that occurred *before* the filing of the lawsuit. Finally, we note that this is not a typical appeal from the *granting* of a plea to the jurisdiction, which

would be a final judgment and thus provide a natural "end point" for determining justiciability, but an interlocutory appeal from the *denial* of such a plea.

3. The interlocutory appeal here did not stay proceedings at the trial court except for commencement of a trial. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(b) (West Supp.1998). The amended petition comes to this Court in appellee's "Motion to Dismiss Interlocutory Appeal as Moot" and thus is properly before us for purposes of determining our jurisdiction. Tex. R.App. P. 10.2.

4. The amended petition also deletes appellees' request for a declaratory judgment that section 26.179 of the Water Code is valid. The City had asserted that the trial court here did not have jurisdiction to declare the statute valid in the absence of a real controversy before the court.

allegation demonstrates a ripe, justiciable controversy. Thus, even if we agreed fully with the City as to the merits of its appeal, the relief we would grant has already been accomplished.

■ A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *see also VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993) (appeal is moot when court's action on merits cannot affect rights of parties); *Board of Adjustment, Corpus Christi v. McBride,* 676 S.W.2d 705, 709 (Tex.App.—Corpus Christi 1984, no writ) (cause becomes moot when appellate court's judgment "cannot have any practical legal effect upon a then-existing controversy"). In the present case, because appellees have already amended their petition in the trial court to allege a justiciable controversy, the present appeal no longer presents a live issue. Any order this Court might issue instructing the trial court to dismiss the cause after granting appellees an opportunity to amend would be pointless.

## CONCLUSION

Because this interlocutory appeal has been rendered moot by further proceedings in the district court, we dismiss the appeal for want of jurisdiction.

Again, even assuming the City is correct in that regard, appellees would be granted an opportunity to amend their petition before dismissal could be proper.