**LEE–HICKMAN'S INVESTMENTS,**
Appellant,

v.

**ALPHA INVESCO CORPORATION,**
Appellees.

No. 13–00–610–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 4, 2004.

F. Richard Leach, Leach & Minnick, P.C., Houston, for appellant.

Steven A. Leyh, Leyh & Payne, Houston, for appellees.

Before Justices YÁñez, CASTILLO and AMIDEI.[1]

## OPINION

PER CURIAM.

Lee–Hickman's Investments, appellant, appeals from a take nothing summary judgment granted during the pendency of appellant's interlocutory appeal of the dissolution of a temporary injunction restraining Alpha Invesco Corporation, appellee, from marketing, selling, or conveying property pursuant to a trustee's deed and from filing the deed for record. Appellant claims that the interlocutory appeal effected an automatic stay under former section 51.014(b) of the Texas Civil Practice and Remedies Code and the summary judgment should be set aside because it was granted while the automatic stay was still in effect, and the temporary injunction reinstated. *See* Act of June 20, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex. Gen. Laws 5 (amended 2001) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp. 2003)).[2]

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp 2004).

2. Subsection (b) of section 51.014 was amended in 2001 to add the words "other than an appeal under Subsection (a)(4)," which eliminates stays in appeals from the grant or refusal of a temporary injunction, or the grant or refusal of a motion to dissolve a temporary injunction. However, the amendment was not made retroactive and does not apply to this case which occurred prior to 2001. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 *historical note* (Vernon Supp. 2003)(Act of June 20, 1997, 75th Leg., R.S.,

Appellant's suit alleged breach of duty, fraudulent inducement, misrepresentation, fraud, DTPA violations, wrongful foreclosure, and requested injunctive relief. After a hearing, the trial court granted appellant a temporary injunction on May 31, 2000. The case was set for trial on July 3, 2000, but was continued until July 20, 2000, and then continued again until August 28, 2000. Over appellant's written objection on August 7, 2000, the trial court granted appellee's oral motion to dissolve the temporary injunction. On August 10, 2000, appellant filed a notice of interlocutory appeal to the Fourteenth Court of Appeals. Notwithstanding such appeal on August 30, 2000, the trial court granted appellee's motion for summary judgment, ordering that appellant take nothing, and voiding the appellant's lis pendens notice. On October 26, 2000, the Fourteenth Court of Appeals dismissed appellant's interlocutory appeal as moot because of the summary judgment. *See Lee–Hickman's Inv. v. Alpha Invesco Corp.*, No. 14–00–00997–CV, 2000 WL 1588677, 2000 Tex.App. LEXIS 7202 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (not designated for publication). We reverse and render the trial court's order dissolving the temporary injunction and lis pendens notice and reverse and remand its judgment granting the summary judgment.

## Standard of Review

The primary rule of statutory interpretation is that a court must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex.App.-Austin 1998, no writ). When determining legislative intent, courts look to the language of the statute, legislative history, the nature and object to be obtained, and the conse-

quences that follow alternate constructions. *Id.* If possible, however, we are to discern legislative intent from the plain meaning of the words of the statute. *Id.*

The appellant's prior appeal to the Fourteenth Court of Appeals was a proper interlocutory appeal under former section 51.014(b), as is the present appeal. There is no restriction in the statute to prevent appellant from asserting the stay provisions of section 51.014 in this appeal, notwithstanding the prior dismissal by the Fourteenth Court of Appeals. *See* Act of June 20, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex. Gen. Laws 5 (amended 1991) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (Vernon Supp. 2003)).

When, as here, the interlocutory appeal is from an order granting a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not consider the propriety of the trial court's decision granting the initial injunctive relief. *Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex.App.-Dallas 2000, no pet.). Rather, we presume the injunction was not improvidently granted and the record as a whole supports the trial court's action in granting the temporary injunction. *Id.* We will not, therefore, review the reporter's record from the hearing on the motion to grant to ascertain if the evidence supports such grant. *Id.* Our review of the trial court's order of dissolution is limited to the narrow question of whether the trial court's action in dissolving the injunction constituted a clear abuse of discretion. *Id.* Our limited review of the dissolution of the temporary injunction does not allow us to consider the propriety of the evidence offered in support of the motion for summary judgment. *Id.* We conclude the trial court's ruling on the merits of appellant's

ch. 1296, § 2, 1997 Tex. Gen. Laws 5 (amend- ed 2001)).

claims is not, in and of itself, a "change in circumstances" authorizing dissolution of the trial court's otherwise properly granted temporary injunction.

An incorrect application of the law by the trial court is an abuse of discretion. *St. Louis S.W. Ry. Co. v. Voluntary Purchasing Groups*, 929 S.W.2d 25, 33 (Tex. App.-Texarkana 1996, no writ)(when the additional order was on the same topic as the one appealed from and granted substantially the same relief as well as additional relief, the trial court acted in a manner specifically forbidden under rule 29.5 of the appellate rules).

## Issues Presented

■ Appellant's first issue claims that its appeal of the trial court's interlocutory order had the effect of staying the commencement of trial pending the resolution of the appeal, and the trial court violated the stay by granting the summary judgment, which was the same as commencing trial.[3] Appellee argues that a summary judgment motion proceeding is not the commencement of trial.

■ Appellant cites *Goswami v. Metro. Sav. & Loan*, 751 S.W.2d 487 (Tex.1988), for the proposition that a summary judgment proceeding is a trial of a case. While *Goswami* held that a summary judgment proceeding is a trial within the meaning of rule 63 of the Texas Rules of Civil Procedure, which governs the amendment of pleadings within seven days of trial, we conclude the same reasoning applies in this

case to hold a summary judgment proceedings is a trial within the meaning of section 51.014(b). *See id.* at 490. The cases cited by appellee are not on point. *See, e.g., City of Austin,* 970 S.W.2d at 754 (the interlocutory appeal was held moot because of amended pleading in the trial court, not because summary judgment proceedings were or were not the commencement of trial). *Amerivest Inc. v. Bluebonnet Sav. Bank,* 897 S.W.2d 513, 515 (Tex. App.-Fort Worth 1995, writ denied), and *Rogers v. Ricane Enters., Inc.,* 852 S.W.2d 751, 760 (Tex.App.-Amarillo 1993), *rev'd,* 884 S.W.2d 763 (Tex.1994), involve partial or interlocutory summary judgments and do not reach the issue in question in this case. *Med Ctr. Bank v. M.D. Fleetwood,* 854 S.W.2d 278, 283–84 (Tex.App.-Austin 1993, writ denied) stands for the proposition that the standard of review in an appeal of a regular judgment is different than when a summary judgment is appealed, not that a summary judgment was or was not the commencement of a trial.

■ Appellee further argues that even if summary judgment proceedings are considered the commencement of trial, appellant waived any trial court error by not attempting to mandamus the trial court from entering the summary judgment. Appellee cites an unpublished opinion to support its argument and cites no other authority. *See* Tex.R.App. P. 47.7. However, mandamus relief is not available where there is an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

---

**3.** The pertinent subsections of section 51.014 upon which appellant relies are as follows:
    (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that: * * *
      (4) grants or refuses a temporary injunction or grants or overrules a *motion to dissolve a temporary injunction* as provided by Chapter 65....

    (b) An interlocutory appeal under subsection (a), *shall have the effect of staying the commencement of a trial* in the trial court pending resolution of the appeal.
*See* Act of June 20, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex. Gen. Laws 5 (amended 2001) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 51.014(b) (Vernon Supp.2003)) (emphasis supplied).

While rule 29.5[4] of the Texas Rules of Appellate Procedure gives the trial court authority to proceed with a trial on the merits while an appeal from an interlocutory order is pending, it prohibits the trial court from making an order that interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal. *See* Tex.R.App. P. 29.5. The effectiveness of the relief sought by the appellant in the interlocutory appeal, or that may have been granted appellant in that appeal, was interfered with and impaired by the granting of the summary judgment by the trial court. The jurisdiction of the 14th Court of Appeals was interfered with and impaired because it dismissed the interlocutory appeal by concluding that the summary judgment was a final judgment which made the appeal moot, and did not rule on the merits of appellant's cause of action. Although the trial court dissolved the temporary injunction it originally ordered, appellant had the right to appeal, and was not required to obtain a ruling of the appellate court prior to the trial court ruling on the summary judgment motion.

■ A notice of automatic stay was filed by appellant on August 10, 2000. In its response to appellee's motion for summary judgment, appellant again called to the attention of the trial court the pending interlocutory appeal and objected to the court considering appellee's motion for summary judgment because of the automatic stay provided in section 51.014(b). Nevertheless, the trial court heard and granted appellee's motion for summary judgment on August 30, 2000, therein denying all relief to appellant. It was an abuse of discretion of the trial court to deny the stay and rule on appellee's motion for summary judgment. *Tarrant Reg'l Water Dist. v. Gragg*, 962 S.W.2d 717, 719 (Tex.App.–Waco 1998, no writ); Tex.R.App. P. 29.5. This abuse of discretion was an error of law which probably prevented the appellant from properly presenting its case to the court of appeals. Tex.R.App. p. 44.1(a)(2).

Appellant's issue number one is sustained.

■ We must now decide whether the trial court's action in dissolving the temporary injunction constituted a clear abuse of discretion. The purpose of a motion to dissolve a temporary injunction is to provide a means to show that changed circumstances, including changes in the law, compel the dissolution of the injunction. *Murphy*, 20 S.W.3d at 877. The purpose is not to give the unsuccessful party an opportunity to relitigate the propriety of the original grant. *Id.* The motion for summary judgment does not address any changed circumstances which warrant the dissolution of the temporary injunction and, there being no written motion to dissolve or evidence to support same, we presume the temporary injunction was not improvidently granted and the record as a whole supports the trial court's action in granting the temporary injunction. *See id.* Therefore, the dissolution of the temporary injunction by the trial court was an abuse of discretion. *See id.* Accordingly, we reverse the trial court's order dissolving the temporary injunction and reinstate the temporary injunction.

Because of our disposition of appellant's first issue, we do not consider appellant's

---

**4.** Rule 29.5 was amended in 2003 to add the words "if permitted by law" to acknowledge that a trial court may be prohibited by law from proceeding to trial during the pendency of an interlocutory appeal, as for example by section 51.014(b) of the Texas Civil Practice and Remedies Code. *See* Tex.R.App. P. 29.5 cmt.; *Dorsaneo and Soules' Texas Rules Annotated,* Matthew Bender & Company, Inc. (2002).

issues two, three, or five, in which the summary judgment is attacked. There is no need for the Court to discuss issues which are not dispositive of the appeal. Tex.R.App. p. 47.1; *Little v. Bryce,* 733 S.W.2d 937, 939 (Tex.App.-Houston [1st Dist] 1987, no writ).

Appellant's fourth issue complains that the trial court's summary judgment was too broad in that it cancelled appellant's lis pendens notice. Since we set aside the summary judgment, the order complained of in this issue is voided, and the lis pendens notice is reinstated and remains effective as if the summary judgment had never been granted.

Appellant's issue number four is sustained.

The trial court's judgment dissolving the temporary injunction and voiding the lis pendens notice is reversed and rendered. The trial court's judgment granting a summary judgment is reversed and remanded.