ACCEPTED
03-16-00557-CV
13893837
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 9:21:47 AM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00557-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 9:21:47 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## THIRD DISTRICT OF TEXAS

### CHRIS PETERSON, ROBERT TURNER, SCOTT REICHARDT and PAMELA REICHARDT, *Appellants*

### v.

### OVERLOOK AT LAKE AUSTIN, L.P., *Appellee*

Accelerated Appeal from the 201st Judicial District Court
Travis County, Texas
Hon. Orlinda Naranjo, Presiding
Trial Court Cause No. D-1-GN-15-005194

### APPELLEE'S MOTION TO DISMISS
### FOR LACK OF JURISDICTION

TO THE HONORABLE COURT OF APPEALS:

Appellee Overlook at Lake Austin, L.P. asks the Court to dismiss this appeal.

1.    Appellants are: Christopher Peterson; Robert Turner; and Scott and Pamela Reichardt. The Turner and Reichardt Appellants are collectively referenced as "Intervenor Appellants"). Appellee is Overlook at Lake Austin, L.P. ("Overlook").

APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION                    PAGE 1

2. The 201ˢᵗ Judicial District Court of Travis County, Texas is the trial court for the case underlying this appeal, No. D-1-GN-15-005194, *Chris Peterson v. The Zoning & Platting Commission of the City of Austin, Texas, et al*. The Hon. Orlinda Naranjo signed the August 9, 2016 interlocutory order on appeal pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011 ("Texas Citizens Participation Act" or "TCPA").[1]

3. The Court has the authority under Texas Rule of Appellate Procedure 42.3(a) to dismiss an appeal for lack of jurisdiction.

4. In his Brief, Appellant Christopher Peterson presumed the Court's appellate jurisdiction. In their Brief, the Intervenor Appellants stated that the Court has jurisdiction over this appeal under sections 27.008 and 51.014(a)(12) of the Texas Civil Practice & Remedies Code.[2]

5. The Court should dismiss this appeal. Interlocutory orders may be appealed only if permitted by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842

---

[1] A copy of Judge Naranjo's ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CHRIS PETERSON AND INTERVENORS ROBERT TURNER, SCOTT REICHARDT, AND PAMELA REICHARDT'S MOTIONS TO DISMISS CLAIMS OF DEFENDANT OVERLOOK AT LAKE AUSTIN, L.P. PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE ("Order") is attached hereto and incorporated herein as Exhibit A. CR 2355-2357.

[2] Brief of Appellants Robert Turner, Scott Reichardt, and Pamela Reichardt, at xii.

S.W.2d 266, 272 (Tex. 1992). No statute authorizes appeal of the interlocutory Order made the basis of this appeal because the Order: granted part of the relief sought; denied part of the relief sought; and reserved part of the relief sought for further consideration. Ex. A. Appellate review of an interlocutory order under the TCPA requires an order that, in toto, "denies a motion to dismiss under Section 27.003." *See*, *e.g.*, *Horton v. Martin*, 2015 Tex. App. LEXIS 6003 (Tex. App. – Dallas 2015) (mem. op.) (dismissing appeal for want of jurisdiction of interlocutory order that granted TCPA motion to dismiss); *Paulsen v. Yarrell*, 455 S.W.3 192 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (dismissing appeal for want of jurisdiction of interlocutory order that granted TCPA motion to dismiss and denied request for attorney's fees); *Fleming & Assoc., L.L.P. v. Kirklin*, 479 S.W.3d 458 (Tex. App. – Houston [14th Dist.] 2015, pet. denied) (per curiam) (dismissing appeal for want of jurisdiction of interlocutory orders that granted TCPA motions to dismiss and reserved determination of attorney's fees and sanctions); *Trane US, Inc. v. Sublett*, 2016 Tex. App. LEXIS 10723 (Tex. App. – Amarillo 2016, n.p.h.) (per curiam) (dismissing appeal for want of jurisdiction of interlocutory order that granted TCPA motion to dismiss and directed movant to submit request for attorney's fees and sanctions).

## B. ARGUMENT & AUTHORITIES

6.    Statutes granting interlocutory appeals are strictly applied because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447-448 (Tex. 2011). In *Texas DOT v. City of Sunset Valley*, the Court recognized that Tex. Civ. Prac. & Rem. Code § 51.014 is a "narrow exception" statute authorizing interlocutory appeals and said that "we must give it a strict construction." *Texas DOT v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App. – Austin 1999, no pet.).

7.    The primary rule of statutory interpretation is that a court must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *City of Austin v. L.S. Ranch*, 970 S.W.2d 750, 752 (Tex. App. – Austin 1998, no pet.). When determining legislative intent, courts look to the language of the statute, legislative history, the nature and object to be obtained, and the consequences that follow alternate constructions. *Id*. If possible, the Court discerns legislative intent from the plain meaning of the words of the statute. *Id*.

8.    Tex. Civ. Prac. & Rem. Code § 51.014 provides the following applicable provisions:

> (a) A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that:
> …

> (9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;
>
> …
>
> (12) denies a motion to dismiss under Section 27.003;
>
> …
>
> (b) An interlocutory appeal under Subsection (a) … stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) also stays all other proceedings in the trial court pending resolution of that appeal.

9. From the plain meaning of the words of this statute, the legislature intended to only confer appellate jurisdiction over an interlocutory order that, in toto, "denies a motion to dismiss under Section 27.003." By its excluded words, the legislature chose not to confer appellate jurisdiction over an interlocutory order that denies *all or part of the relief sought by* a motion to dismiss under 27.003. *Compare* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9) *with* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). Every word excluded from a statute must be presumed to have been excluded for a purpose. *City of Austin v. Quick*, 930 S.W.2d 678, 687, (Tex. App. – Austin 1996), *aff'd*, 7 S.W.3d 109 (1999). When the Legislature has carefully employed a term in one section of a statute, and has excluded it in another, it should not be implied where excluded. *Id.*

10. This construction comports with the TCPA's purpose to protect citizens from retaliatory *lawsuits*, and to identify and summarily dispose of *lawsuits*

designed only to chill First Amendment rights. *See In re Lipsky*, 460 S.W.3d 579, 586, 589 (Tex. 2015) (emphasis added); *accord Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App. – Austin 2015, no pet.) (TCPA provides mechanism for early dismissal of *suits* based on a party's exercise of the right of free speech, the right to petition, or the right of association). Summary and early disposition of a lawsuit fits with the purposes of the interlocutory appeal statute, Tex. Civ. Prac. & Rem. Code § 51.014, i.e. increase efficiency of the judicial process, and save the time and expense of a full trial of a lawsuit on the merits. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012); *Grant v. Wood*, 916 S.W.2d 42, 46 (Tex. App. – Houston 1995).

11.     Here, the Order on appeal did not deny Appellants' TCPA motions to dismiss in toto. The Order did not dismiss Overlook's *lawsuit*. The Order: granted part of the relief sought; denied part of the relief sought; and reserved part of the relief sought for further consideration. Ex. A. The Order shows that the trial court heard and ruled on Appellants' TCPA motions to dismiss on August 9, 2016, within 30 days of the July 21, 2016 hearing. *See* Tex. Civ. Prac. & Rem. Code § 27.005(a). The trial court's timely ruling eliminated the necessity to consider that Appellants' TCPA motions to dismiss "have been denied by operation of law." *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).

12. The Order on appeal is not a final judgment. The Order on appeal is not an interlocutory order that "denies a motion to dismiss under Section 27.003" authorized for immediate appeal under TEX. CIV. PRAC. & REM. CODE § 51.014. No other statute authorizes immediate appeal of the Order. The Court lacks jurisdiction to review the Order and the Court should dismiss this appeal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that this Court grant this motion and dismiss the appeal.

Respectfully submitted,

**BUSH RUDNICKI SHELTON, P.C.**

/s/ *Carl J. Wilkerson*
Carl J. Wilkerson
State Bar No. 21478400
cwilkerson@brstexas.com
200 N. Mesquite St., Suite 200
Arlington, Texas 76011
Telephone: (817) 274-5992
Fax: (817) 261-1671

**ATTORNEYS FOR APPELLEE
OVERLOOK AT LAKE AUSTIN, L.P.**

# CERTIFICATE OF CONFERENCE

I certify that I conferred with Appellant Christopher Peterson's counsel Neal Meinzer regarding his position on APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION by November 18 emails. Mr. Meinzer said he was opposed.

I certify that I conferred with Pamela Madere, counsel for Appellants Robert Turner, Scott Reichardt, and Pamela Reichardt regarding her position on APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION by by November 18 emails. Ms. Madere said she was opposed.

Certified to on Nov. 21, 2016.

/s/ *Carl J. Wilkerson*
Carl J. Wilkerson

## CERTIFICATE OF SERVICE

I certify that a copy of APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION was served on the following parties through their counsel of record by electronic delivery on November 21, 2016:

Neal Meinzer
Neal.Meinzer@wallerlaw.com
Andrew Vickers
Andrew.Vickers@wallerlaw.com
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417

ATTORNEYS FOR APPELLANT
CHRISTOPHER PETERSON

Pamela Madere
pmadere@coatsrose.com
Christopher Bradford
cbradford@coatsrose.com
Coats|Rose
901 South MoPac Expressway
Building 1, Suite 500
Austin, Texas 78746
Telephone: (512) 469-7987
Facsimile: (512) 469-9408

ATTORNEYS FOR APPELLANTS
ROBERT TURNER, SCOTT
REICHARDT, AND PAMELA
REICHARDT

/s/ *Carl J. Wilkerson*
Carl J. Wilkerson

| | | |
|---|---|---|
| CHRIS PETERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | Filed in The District Court |
| v. | § | of Travis County, Texas |
| | § | |
| THE ZONING & PLATTING | § | AUG 0 9 2016 |
| COMMISSION OF THE CITY OF | § | At_____3:05_____p.M. |
| AUSTIN, TEXAS, TRAVIS COUNTY | § | Velva L. Price, District Clerk |
| COMMISSIONERS COURT, and | § | |
| OVERLOOK AT LAKE AUSTIN, LP. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| Defendants. | § | |
| | § | |
| v. | § | |
| | § | |
| ST. TROPEZ HOMEOWNERS' | § | |
| ASSOCIATION, INC., ROBERT | § | |
| TURNER, SCOTT REICHARDT, | § | |
| and PAMELA REICHARDT, | § | |
| | § | |
| Intervenors | § | 201ˢᵗ JUDICIAL DISTRICT |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CHRIS PETERSON AND INTERVENORS ROBERT TURNER, SCOTT REICHARDT, AND PAMELA REICHARDT'S MOTIONS TO DISMISS CLAIMS OF DEFENDANT OVERLOOK AT LAKE AUSTIN, L.P. PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

On July 21, 2016, the Court heard Plaintiff/Counter-Defendant Chris Peterson and Intervenors Robert Turner, Scott Reichardt, and Pamela Reichardt's (collectively "Movants") Motions to Dismiss Claims of Defendant/Counter-Plaintiff Overlook at Lake Austin, L.P. (hereafter "Overlook") under Chapter 27 of the Texas Civil Practice and Remedies Code.

The parties appeared through their attorneys of record. After careful consideration of the Motions, the affidavits, the pleadings, applicable case law, and the arguments of counsel, the Court finds that the Motions should be GRANTED IN PART, and DENIED IN PART.

Therefore, it is ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motions are GRANTED as to Overlook's claims for conspiracy against Movants.

2. The Motions are DENIED as to Overlook's claims for tortious interference against Movants.

004727387

 


IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Overlook's claims for conspiracy against Movants are hereby DISMISSED with prejudice. Overlook shall take nothing from these claims.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in accordance with Texas Civil Practice and Remedies Code Section 27.009(1), Movants are entitled to recover their attorneys' fees and costs in bringing their Motions to Dismiss as to Overlook's claims for conspiracy. The parties are ordered to submit evidence of their fees and costs by affidavit and counter-affidavit within 14 days of the date of this Order, or set the case for a hearing on the limited issue of attorneys' fees. Movants shall be awarded such other and further releief to which they may be justly entitled, at law or in equity.

All relief not expressly granted is DENIED.

SIGNED on this the _____9_____ day of August, 2016.

JUDGE ORLINDA L. NARANJO
419TH DISTRICT COURT