

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00390-CV

_____

IN RE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHELLE MOORE, IN HER CAPACITY AS TRUSTEE AND PRESIDENT OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; SHERI MILLS, IN HER CAPACITY AS TRUSTEE OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; AND TODD CARLTON, IN HIS CAPACITY AS TRUSTEE OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, Relators

Original Proceeding
153rd District Court of Tarrant County, Texas
Trial Court No. 153-319405-20

AND

———————————————

No. 02-20-00403-CV

———————————————

CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHELLE MOORE, IN HER CAPACITY AS TRUSTEE AND PRESIDENT OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; SHERI MILLS, IN HER CAPACITY AS TRUSTEE OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; AND TODD CARLTON, IN HIS CAPACITY AS TRUSTEE OF THE CARROLL INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, Appellants

V.

KRISTIN GARCIA, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-319405-20

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

The resolution of the jurisdictional complaint central to this interlocutory appeal and original proceeding boils down to whether appellants and relators—the Carroll Independent School District Board of Trustees and three[1] individual trustees acting in that capacity (collectively, Carroll)—showed via their plea to the jurisdiction that appellee and real party in interest Kristin Garcia could not possibly plead a cause of action for which Carroll's sovereign immunity is waived. Because Carroll's plea to the jurisdiction did not address Garcia's amended pleading, which shows that her petition was capable of being amended to allege a live controversy under the Texas Open Meetings Act (TOMA), we dismiss the appeal as moot. Likewise, we dismiss the mandamus petition filed by Carroll in this court, which raises the same jurisdictional argument.

## I. Background

On September 3, 2020, Garcia filed an original mandamus petition in the 236th District Court "to enforce" TOMA with respect to meetings of the Board and various Carroll Independent School District (CISD) committees about a proposed Cultural Competence Action Plan. Garcia claimed that, "in the face of [a] groundswell of opposition" to the Plan, the Board's president, Michelle Moore, "created a walking quorum" that engaged in "secret deliberations" about "how to proceed with the

---

[1]Although Danny Gilpin and David Almand, both in their capacities as Board trustees, were originally parties to the underlying suit, this appeal, and original proceeding, they are no longer parties.

controversial Plan" prior to a scheduled August 3, 2020 virtual Board meeting. The Plan was included on the agenda for that meeting as a presentation, and the written copy was designated "DRAFT" on every page.

As alleged by Garcia, five of the Board members, spearheaded by Moore, sent each other text messages before the August 3 meeting "centered on off-agenda actions—including how to move the Plan forward to an ultimate vote." Included in the petition is an excerpted text from Gilpin, a Board member at that time, to Moore and Board member Sheri Mills saying that in light of the "email barrage," he was "[n]ot sure [the Board could] approve anything on Monday. This might take awhile." According to the petition, Gilpin later again communicated privately with Moore and Mills a couple of hours before the August 3 meeting, setting forth three options for dealing with the Plan at the meeting: "adopt (approve), deny (vote against)[,] or accept with instructions to administration to schedule workshops, town halls, etc." Those Board members also discussed that they were being asked only to "accept" the Plan rather than approve it. In a separate conversation among four Board members— Moore, Mills, Gilpin, and Board vice president Todd Carlton—Moore expressed concern that delaying action on the Plan would "kill" it; in response, another member wrote, "I don't think anyone wants to kill it (I don't think). We need to get it on the calendar for a workshop ASAP and just keep moving it forward."

Moore then asked Gilpin and Mills for input on pre-prepared remarks and, after receiving their comments, asked Carlton and then-Board-member Almand for

3

their input in a separate text thread. Specifically, she asked whether she should make the following remarks at the beginning of the August 3 meeting:

> Finally, I know most of our speakers are here to comment about the . . . Plan, so I want to clarify some confusion before we get started. The District Diversity Council is presenting their plan and recommendations to the Board as any Advisory Committee to the Board would do after being delegated a task. Their task was to build out a Cultural Competence Action Plan. Today, they are asking the Board to accept the plan. By accepting the plan, the plan moves out of the DDC and is delegated to the Administration to review, consider and implement with oversight from the DDC and the Strategic Planning Committee that will be formed later this year or early next year. It does not mean that the full plan as presented is approved, and it does not mean funding to implement the plan is approved.

Garcia alleged that this meant that Moore "knew that the Plan would be accepted well before the Board votes were cast to accept the Plan." In summary, Garcia contended that "five members of the Board not only secretly deliberated on the procedure to address the Plan but voted to 'accept' the Plan—all before the August 3rd Board meeting ever commenced."

The Board minutes show that after the Plan "Presentation," a "[m]otion was made by Sheri Mills and seconded by Danny Gilpin to receive the Plan and direct the administration to hold a series of workshops for clarity on the" Plan. All five members included in the text-message threads approved the motion, and the two who were not included voted against it.

Garcia contended that the Board's actions violated TOMA in two ways: (1) the text messages were private deliberations and votes that violated TOMA and (2) the

pre-meeting notice did not sufficiently apprise the public that action of any kind would be taken on the Plan. In addition to alleging TOMA violations, Garcia sought depositions of the five Board members who had participated in the pre-meeting text messaging "to investigate a potential claim or suit" under Rule 202. Tex. R. Civ. P. 202. Garcia sought mandamus relief, as well as (1) a declaration voiding all actions violating TOMA, (2) litigation costs and attorney's fees, (3) "[a] return of all funds expended in any meeting that occurred in violation of" TOMA, and (4) injunctive relief to stop the five named Board members "from engaging in any further violations of [TOMA], including Court oversight of all future electronic communications" among those members "concerning Board business, relating or pertaining (either directly or indirectly) to the Plan."

The Plan is attached to the mandamus petition filed in the trial court. It has a table attached, with columns including "Goals/Objectives/Strategies," "Action Steps," "Owner & Budget," "Timeline & Evaluation," and "Status." Many of the items have a specific budget amount assigned, and some are listed as "Completed."[2] A note at the end of and within the table provides that CISD had "applied for a federal grant in excess of $330,000 that would provide additional funding, resources[,] and

---

[2]In the mandamus petition, Carroll states that the Plan "exists only in draft form and has been under review by the subcommittees of the CISD's District Diversity Council (DDC) for the past several months." In their reply brief, they state that "implementation of the proposed" Plan "is the one action that has not occurred."

5

personnel to support the . . . Plan" and that CISD would "be notified on the status of the grant in October 2020."

Carroll filed a plea to the jurisdiction, which they later amended, contending that Garcia's TOMA claims had become moot. Regarding the notice allegation, Carroll argued that Garcia cites "no authority, and there is none, that would have required procedural action for the Board to receive the information or for the administration to continue to work on the [Plan]; however, the Board mistakenly took action to receive the [P]lan and encourage [the] administration to continue its work." Carroll contended that mistake was later cured because at a subsequent September 14, 2020 meeting, the Board voted to "rescind the motion that was made at the meeting on August 3, 2020 regarding the . . . Plan." According to Carroll, because the Board was not required to take any action for the Plan to continue to be implemented within CISD, any argument that it violated the TOMA by doing so is moot because of the formal recission of the motion.

Carroll also asked for dismissal of the Rule 202 deposition request because (a) Garcia could get the requested discovery within the context of the instant suit and (b) if the trial court were to dismiss the TOMA-violation suit, Garcia could not meet the Rule 202 burden to take the requested depositions.

Finally, Carroll argued that the requested relief is beyond the trial court's authority to grant: there is no money to give back and, as to the request for injunctive relief, Garcia

6

essentially seeks an "obey-the-law" injunction. She provides no limitations to this, so essentially she seeks an order redundant of [Carroll's] obligations. At the same time, her request can also be read to impose a limitless, permanent, prohibition on future conduct that may violate an open meetings act statute, regardless of time, place, manner, or relation to the violations set out in her lawsuit. Any injunction to "obey-the-law" is redundant of obligations on [Carroll].

Judge Susan McCoy, presiding judge of the 153rd District Court, heard the plea to the jurisdiction on November 11, 2020.[3] On November 13, 2020, Judge Tom Lowe, presiding judge of the 236th District Court, transferred the case to the 153rd District Court; both Judge McCoy and Judge Lowe signed the transfer order. On November 18, 2020, Judge McCoy signed an order denying Carroll's plea to the jurisdiction, stating in the order that Garcia's TOMA claims are not moot.

On November 30, 2020—after the transfer—Garcia filed an emergency motion for temporary restraining order, claiming that Carroll was "committed to rushing forward with the[] workshop meetings so that they can present the Court and [Garcia] with a *fait accompli*." She sought a temporary restraining order and injunction to prevent Carroll from "rushing forward with" the Plan. On November 30, 2020, Judge Josh Burgess, presiding judge of the 352nd District Court, sitting in the 153rd District Court, signed a temporary restraining order and set a temporary injunction hearing for December 14, 2020.

---

[3]District court judges are generally authorized to exchange benches with each other and may also transfer cases. Tex. Const. art. V, § 11; Tex. Gov't Code Ann. § 24.003(b), (d); Tex. R. Civ. P. 330(e)–(h).

The next day, Garcia filed an emergency motion for expedited discovery, in which she argued that Carroll had prevented her attempts to engage in meaningful discovery. She sought copies of specifically listed documents, as well as permission to take the deposition of CISD's superintendent. Judge McCoy granted the motion on December 2, 2020.

On December 3, 2020, Garcia filed a first amended mandamus petition—again requesting both mandamus and injunctive relief—in the 153rd District Court, in which she alleged the same TOMA violations related to the August 3 meeting, as well as a new TOMA violation related to the September 14, 2020 meeting: that Carroll did not provide adequate notice of the topics discussed at that meeting because the agenda gave an inadequate description of the topic to be discussed by the Board with legal counsel and also gave an inadequate description of what action the Board was considering rescinding. The petition further alleged that "there is evidence that CISD is already implementing the Plan, including one of the most controversial aspects of the [P]lan: disciplining students for Microaggressions."

On December 4, 2020, Carroll filed a petition for writ of mandamus in this court alleging that the Board's actions in rescinding the August 3, 2020 vote rendered the TOMA allegations moot, thus depriving Garcia of any cause of action for which sovereign immunity is waived; therefore, Carroll further contended that this court should vacate the temporary restraining order and order granting Garcia's emergency motion for expedited discovery because the trial court lacked jurisdiction to issue

them. We requested a response to the petition, and Garcia filed one; Carroll, in turn, filed a reply to Garcia's response.

Four days after Carroll filed their mandamus petition in this court, on December 8, 2020, Carroll filed a notice of appeal from the November 18, 2020 order denying their first amended plea to the jurisdiction. Carroll argues in the appeal that they "negated the relief available to Garcia under the TOMA," thus depriving Garcia of any claim for which immunity is waived and depriving the trial court of subject matter jurisdiction. According to Carroll, "[a]ll relief available to Garcia under the TOMA has been provided such that there is no relief available to be considered by the trial court." Carroll thus brings two issues: a general issue complaining that the trial court erred by denying their plea to the jurisdiction and a second issue alleging more specifically that the trial court lacked subject matter jurisdiction to order any further relief with respect to Garcia's TOMA claims.

We set the appeal for submission on March 2, 2021, but we withdrew that date and stayed submission on the parties' agreed motion. Although the parties attempted to mediate the dispute, they did not come to an agreement and asked us to resubmit the appeal.

After further review of the filings in the appeal and original proceeding, we have concluded that, despite Carroll's reliance on the alleged effectiveness of their attempted recission of the Board's vote at the August 3, 2020 meeting, our decision

turns procedurally on the applicable appellate standard of review for pleas to the jurisdiction.

## II. Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* Whether a trial court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law that we review de novo. *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239 (Tex. App.—Fort Worth 2018, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause, construing the pleadings liberally in the pleader's favor and looking to the pleader's intent. *Id.* (citing *Miranda*, 133 S.W.3d at 226). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 239–40.

10

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, just as the trial court must do. *Miranda*, 133 S.W.3d at 227; *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the factfinder will resolve the question. *Miranda*, 133 S.W.3d at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228. This standard mirrors our review of summary judgments where we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

Whether the plea to the jurisdiction challenges only the pleadings or the existence of sufficient jurisdictional evidence, "[d]ismissal without [an opportunity for] repleading is required only when the pleadings or jurisdictional evidence demonstrate that the plaintiff's suit falls outside *any* waiver of sovereign immunity." *London v. Rick Van Park, LLC*, No. 05-20-00813-CV, 2021 WL 1884650, at *6 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op.) (emphasis added) (citing *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding that nonmovant faced with plea to the jurisdiction "deserves the opportunity to amend his pleadings if the defects can be

cured")); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 753 (Tex. App.—Austin 1998, no pet.).

### III. Analysis

Although Carroll blames the trial court for Garcia's filing of the first amended mandamus petition—contending that the trial court failed to timely inform them of the signed order denying the plea to the jurisdiction and that if Carroll had been timely informed, they would have filed their notice of appeal sooner, thus automatically staying all proceedings in the trial court and thwarting the filing of that amended petition—the filing of Garcia's amended petition serves merely to illustrate that her original mandamus petition in the trial court was capable of being amended. Carroll made no complaint in their appellant's brief or in the mandamus petition filed in this court[4] that the amended petition fails to establish a waiver of immunity and, thus, shows no trial court jurisdiction. In fact, Garcia's amended petition—which alleges that the September 14, 2020 attempt to rescind the August 3, 2020 vote was

[4]In the reply brief on appeal, Carroll argues that with regard to Garcia's allegations that the September 14, 2020 meeting agenda did not comply with TOMA, "the Court can easily disregard her arguments . . . as [the] Agenda . . . complied with the TOMA as a matter of law." Carroll cites cases that did not involve application of the jurisdictional standard of review; instead, those cases were appeals from final judgments in which the merits of the claimed TOMA violation were directly at issue. *See Baker v. City of Farmers Branch*, No. 05-13-01174-CV, 2014 WL 3513367, at *1 (Tex. App.—Dallas July 15, 2014, no pet.) (mem. op.); *see also Tex. Tpk. Auth. v. City of Fort Worth*, 554 S.W.2d 675, 676 (Tex. 1977); *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 642–43, 646–47 (Tex. 1975) (op. on reh'g). But we are not concerned with the merits of Garcia's TOMA allegations at this point. *See City of Plano v. Hatch*, 584 S.W.3d 891, 901–02 (Tex. App.—Dallas 2019, no pet.).

invalid—revives the issue of the validity of the August 3, 2020 vote under the TOMA. *See City of Austin*, 970 S.W.2d at 754–55 ("Any order this Court might issue instructing the trial court to dismiss the cause after granting appellees an opportunity to amend would be pointless."). Accordingly, because Garcia's trial-court mandamus petition not only could have been amended to avoid the jurisdictional issue but subsequently was so amended, Carroll's interlocutory appeal has been rendered moot. For the same reason, we dismiss the original proceeding filed in this court. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 642 (Tex. 2021) (dismissing original proceeding consolidated with appeal as moot).

## IV. Conclusion

Having determined that Carroll's interlocutory appeal and original proceeding are moot, we dismiss them both for want of jurisdiction. We lift our December 8, 2020 stay order issued in cause number 02-20-00390-CV.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: October 14, 2021

13